Feldon BONNER II, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–89–00854–CR & 01–89–00855–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 24, 1991.

Discretionary Review Refused
(Appellant) May 8, 1991.

Discretionary Review Refused
(State) May 8, 1991.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Alan Curry and Dan Rizzo, Asst. Dist. Attys., for appellee.

Before MIRABAL, BASS and DUNN, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of murder in cause no. 512,603, and guilty of aggravated robbery in cause no. 515,865. The jury assessed punishment at confinement for life for the murder conviction, and confinement for 30 years for the aggravated robbery conviction.

In his first point of error, appellant contends the trial court erred in overruling appellant's pretrial motion to suppress his confession in each cause. In his second point of error, appellant contends the trial court erred in overruling appellant's objection to the admission of his confession during the trial.

We affirm.

On October 7, 1988, Houston police officer Charles D. Hurley arrested appellant without a warrant at approximately 12:05 p.m. At approximately 2:23 p.m., Officer Milan F. Kardatze interrogated appellant. Officer Kardatze took appellant to the Houston city jail at 5:28 p.m. The next day at 11:05 a.m., Officer Kardatze and Officer Tom Ladd checked appellant out of jail. Officer Ladd read appellant his Miranda warnings, and appellant said he understood his rights. Officer Ladd told appellant he was being charged with murder. Appellant said he would waive his rights, so Officer Ladd began taking appellant's confession at 11:25 a.m. Appellant signed the confession at 1:00 p.m., approximately 25 hours after appellant's arrest. Officer Kardatze testified that, to his knowledge, appellant was not taken before a magistrate prior to appellant's confession. The record reflects appellant was given magistrate warnings on October 9, 1988.

Appellant filed written motions to suppress his confession in each case. The trial court denied each motion after a hearing. A statement of facts of the hearing was not filed with this Court. During trial, appellant twice renewed his motion to suppress. Appellant's confession was introduced into evidence and read to the jury.

Because the trial court is the sole trier of fact at a hearing on a motion to suppress, this Court is not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex. Crim.App.), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). At trial, the determination of admissibility is within the sound discretion of the trial court, and will not be reversed unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App.1986).

Appellant contends his confession was inadmissible because it was taken after he had been in custody for more than 24 hours and before he had received warnings by a magistrate. He asserts the failure of the police to take him before a magistrate in a timely manner violated his rights under the fourth amendment of the U.S. Constitution and articles 14.06 and 15.17 of the Texas Code of Criminal Procedure. Appellant argues that since the confession was signed 55 minutes after the 24 hour period had expired, it was the product of an illegal detention and should have been suppressed.

The Code of Criminal Procedure requires the person making the warrantless arrest to take the person arrested before some magistrate "without unnecessary delay." TEX.CODE CRIM.PROC.ANN. art. 14.06 and 15.17(a) (Vernon Supp.1991).

The United States Supreme Court has held that the fourth amendment requires a timely *judicial* determination of probable cause as a prerequisite to extended restraint of liberty following a warrantless arrest based upon a police officer's on-the-scene assessment of probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975). The Supreme Court does not specify a time period within which a judicial determination of probable cause must occur, but holds that the determination must be made "either before or promptly after arrest." *Id.* at 125, 95 S.Ct. at 869.

In *Sanders v. City of Houston*, 543 F.Supp. 694, 705 (S.D.Tex.1982), *aff'd*, 741 F.2d 1379 (5th Cir.1984), a federal district court held that articles 14.06 and 15.17 of the Texas Code of Criminal Procedure al-

low a person who is arrested on probable cause to be held for a brief period so the police officers may accomplish necessary administrative tasks, but in no event may the person be held longer than 24 hours without being taken before a magistrate. The court permanently enjoined the city of Houston from detaining persons arrested without a warrant longer than 24 hours without bringing the persons before a judicial officer, to inform the persons of their constitutional rights, and for a neutral determination of probable cause. *Sanders*, 543 F.Supp. at 705.

Appellant argues that because *Sanders* involved the Houston police department, and because a permanent injunction was issued against the city, a violation of *Sanders* by the police department is a *per se* violation of the fourth amendment, and thus evidence introduced in violation of *Sanders* is a *per se* violation of Tex.Code Crim.Proc.Ann. art. 38.23, which provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex.Code Crim.Proc.Ann. art. 38.23(a) (Vernon Supp.1991).

■ We note that the permanent injunction issued in *Sanders* applies only to the Houston police department; no other law enforcement organization in this state is bound by the injunction. The court that issues an injunction enforces its own order, and generally no coordinate court may punish a disobedience of the writ. *Ex parte De Pew*, 119 Tex. 63, 64, 24 S.W.2d 813, 813 (1920). Proceedings for violation of an injunction are in the nature of a contempt proceeding. *Estate of Korzekwa v. Prudential Ins. Co. of America*, 669 S.W.2d 775, 778 (Tex.App.—San Antonio 1984, writ dism'd). Thus, the recourse against the city of Houston for violating the injunction is a contempt proceeding in federal district court, not the automatic invalidation of the detention.

Under appellant's theory, *any* time a Houston police officer fails to take an accused before a magistrate within 24 hours of a warrantless arrest, the city has committed a *per se* violation of the accused's rights under the fourth amendment of the U.S. Constitution, *regardless* of the circumstances. In a contempt proceeding before a federal district judge, the reasons for the city's violation of the permanent injunction could properly be taken into account; yet appellant would have us rule that state courts cannot consider the reasonableness of any delay beyond the mandated 24 hours, or the causal connection between the delay and the confession. We decline to adopt appellant's position.

■ *Sanders* did not address the question of the admissibility of a confession given before the accused was taken before a magistrate. The Texas Court of Criminal Appeals has consistently held that the validity of a confession is not affected by the failure to take the accused promptly before a magistrate unless a causal connection is shown between the delay and the confession. *Ex parte Stansbery*, 702 S.W.2d 643, 647 (Tex.Crim.App.1986); *Williams v. State*, 692 S.W.2d 671, 675–76 (Tex.Crim. App.1984); *Wagner v. State*, 687 S.W.2d 303, 307 (Tex.Crim.App.1984). Even a lengthy delay in bringing an accused before a magistrate is not, by itself, enough to show a causal connection. *Williams*, 692 S.W.2d at 676 n. 6. The burden is on the defendant to show the delay was unreasonable, and to show the causal connection between the confession and the failure to take him before a magistrate without unreasonable delay. *Niehouse v. State*, 761 S.W.2d 491, 493 (Tex.App.—Dallas 1988, no pet.).

■ Appellant has failed to show any causal connection between his delay in being brought before a magistrate and his confession. Thus, we hold the trial court did not err in overruling appellant's motions to suppress the confession and appellant's objections to the admission of the confession.

We overrule appellant's points of error one and two.

We affirm the judgment.