Opinion issued December 19, 2002












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01125-CR




CRAIG BRYANT CAUDILL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 810,938




O P I N I O N
          A jury found appellant, Craig Bryant Caudill, guilty of aggravated robbery and
assessed punishment at 15-years confinement. In seven points of error, appellant
contends the evidence was legally and factually insufficient to support his conviction
and the trial court erred in failing to suppress his written statement, erred in failing
to suppress evidence of an out-of-court identification and in-court identification,
erred in failing to grant appellant’s motion for mistrial, and erred in allowing the State
to produce evidence of extraneous offenses during the punishment phase of trial. 
          We affirm. 
Factual Background
          Angela Morriesette, manager of Seville Cleaners, testified that on April 12,
1999, she saw appellant enter her store between 1:00 and 2:00 p.m. Morriesette was
waiting on customers at the time, and appellant left. He returned a short time later
and asked Morriesette some questions about dry cleaning and laundry, and then left
again. Appellant returned a third time, and when all of the other customers had left,
he approached Morriesette and said “give me the money.” As Morriesette reached
for a panic button to set off an alarm system, appellant told her to “turn around, open
the drawer, and give me the money.” At the same time, appellant lifted his shirt to
reveal the butt of a gun that was protruding from his waistline. Morriesette described
the butt of the gun as beige and curved, and said that, although she was not sure if it
was an automatic or a revolver, she was sure that it was a gun. Morriesette testified
that, after taking the money, appellant drove away in a green van.
          Houston Police Officer Maria Row testified that she approached Morriesette
nine days after the robbery to show her a photographic array that included a
photograph of appellant along with photographs of five other men. Row told
Morriesette that the person who committed the crime was not necessarily included in
the photographs. Row saw Morriesette positively identify appellant as the man who
robbed her. 
          Houston Police Officer Ken Szymczyk testified that he interviewed appellant
in a Louisiana state jail, where appellant was being held. Szymczyk admonished
appellant of his legal rights, and appellant waived them in writing and provided a
written statement describing his participation in the robbery. 
Voluntariness of Appellant’s Statement
          In point of error one, appellant argues that the trial court erred in admitting his
written statement into evidence because it was given involuntarily. Appellant
contends that his statement was involuntary because (1) he was not taken before a
magistrate before he gave his statement and (2) a magistrate is “indispensable” to a
voluntarily rendered statement. See Tex. Code Crim. Proc. Ann. art. 15.17 (Vernon
Supp. 2002).
          Although the record reflects that appellant argued to the trial court that he was
delayed in seeing a magistrate, he directs us to no evidence establishing the length,
if any, of the delay. Even assuming that appellant was delayed in seeing a magistrate,
his written statement was not given involuntarily as a matter of law merely because
of a delay in being brought before a magistrate. Boyd v. State, 811 S.W.2d 105, 125
(Tex. Crim. App. 1991). Unless a defendant demonstrates a causal connection
between his statement and the delay in seeing a magistrate, the validity of a statement
will not be affected. Id.; Bonner v. State, 804 S.W.2d 580, 582 (Tex. App.—Houston
[1st Dist.] 1991, writ ref’d). Appellant had the burden to show a causal connection
between the delay and his statement. Bonner, 804 S.W.2d at 582. 
          A defendant’s statement is not involuntary unless his “will was ‘overborne’ by
police coercion.” Guardiola v. State, 20 S.W.3d 216, 223 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d). We must review the totality of the circumstances and
consider factors such as the “length of detention, incommunicado or prolonged
detention, denying a family member access to a defendant, refusing a defendant’s
request to telephone a lawyer or family member, and physical brutality.” Armstrong
v. State, 718 S.W.2d 686, 693 (Tex. Crim. App. 1985), overruled on other grounds
by Mosely v. State, 983 S.W.2d 249, 264 n.18 (Tex. Crim. App. 1998).
          Aside from the delay in seeing a magistrate, appellant cites no other reason in
his brief as to why his statement was involuntary. Appellant did not testify at the
suppression hearing, and the officers who testified stated that appellant seemed alert
in the Louisiana jail and that his written waiver of his legal rights was given
voluntarily. There is no evidence in the record that appellant was refused a lawyer
after requesting one, was denied the opportunity to communicate with his family, or
was subjected to police coercion or brutality of any kind. Moreover, appellant does
not explain how an alleged delay in seeing a magistrate caused him to give an
involuntary statement. Accordingly, we conclude that the trial court did not err in
overruling appellant’s motion to suppress his statement.
          We overrule appellant’s first point of error.
Identification Procedure
          In points of error two and three, appellant argues that the trial court erred in
refusing to suppress Morriesette’s out-of-court and in-court identifications of
appellant because the out-of-court identification procedure used by the police was
impermissibly suggestive and the in-court identification was tainted by the out-of-court identification. 
          In determining whether an out-of-court identification was inadmissible, we
must decide (1) whether the out-of-court identification procedure was impermissibly
suggestive and (2) whether that suggestive procedure gave rise to a very substantial
likelihood of irreparable misidentification. Barley v. State, 906 S.W.2d 27, 33 (Tex.
Crim. App. 1995). The suggestiveness of an identification procedure should be
reviewed in light of the totality of the circumstances. Id. Because the admissibility
of identification procedures involves the application of law to facts, we will reverse
only if we find an abuse of discretion by the trial court. See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).
          Appellant argues that all persons in the photographic array were of similar
facial makeup and features except for appellant. We have reviewed the array and
disagree with appellant’s characterization of it. Appellant’s skin color, age, and hair
length appear similar to that of most of the other persons in the array. Appellant fails
to explain how his characteristics and features set him apart from the others, so as to
make the array suggestive. Accordingly, we find his argument without merit.
          Appellant also argues that the police approached Morriesette in such a manner
that she “must have concluded that they had a suspect in mind.” Appellant’s brief
does not detail the specific acts of the police which could have given such an
impression to Morriesette. Further, Morriesette read and signed a statement given to
her from the police which stated that the array “may or may not contain a picture of
the person . . . who committed the crime . . . .” Our review of the record reveals no
conduct of the police which would have led Morriesette to conclude that the person
who committed the crime was necessarily in the array. Accordingly, the trial court
did not abuse its discretion in refusing to suppress evidence of the out-of-court
identification procedure. Because we hold that evidence of the out-of-court
identification procedure was admissible, we need not address appellant’s argument
that Morriesette’s in-court identification was tainted by her out-of-court
identification.
          We overrule points of error two and three.
Motion for Mistrial
          In point of error four, appellant argues that the trial court erred in denying his
motion for mistrial after he was linked to an extraneous offense during the
guilt/innocense phase of trial. Morriesette testified that appellant left the scene of the
robbery in a green van. Officer Guidry, in describing how he had come across the
green van, initially stated that he found “a vehicle that was reported stolen.” The trial
court sustained appellant’s objection to Guidry’s statement and instructed the jury to
disregard it, but denied appellant’s request for a mistrial. The issue before us is
whether the trial court erred in refusing to grant appellant’s request for a mistrial.
          Mistrial is a remedy used only for highly prejudicial and incurable errors. 
Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A witness’s reference
to an extraneous offense can usually be cured by a prompt instruction to disregard. 
Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994). An instruction to
disregard can be inadequate when the testimony given was “clearly calculated to
inflame the minds of the jury, or was of such damning character as to suggest it would
be impossible to remove the harmful impression from the jury’s mind.” Id. (citing
Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992)). We review the
decision of the trial court to deny the request for a mistrial and will reverse only if we
conclude the trial court abused its discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).
          Here, Officer Guidry was describing the process by which he found the green
van believed to have been driven by appellant. His reference to finding a vehicle
recorded as stolen did not appear to be “clearly calculated to inflame the minds of the
jury.” The jury may have been able to make the link between the stolen vehicle and
the green van believed to have been driven by appellant, but Guidry did not provide
any details as to how the van was stolen or who had participated in stealing it. We
conclude that any harm was cured by the instruction to disregard. Accordingly, we
hold that the trial court did not abuse its discretion in denying appellant’s request for
a mistrial.
          We overrule point of error four.
Sufficiency of the Evidence
          In points of error five and six, appellant argues that the evidence was legally
and factually insufficient to support his conviction because the State did not prove by
credible evidence that appellant used or exhibited a firearm during the robbery. See
Tex. Pen. Code. Ann. § 29.03 (Vernon 1994). We note that section 29.03 allows an
aggravated robbery conviction when a “deadly weapon” was used or exhibited, but
does not require the use of a “firearm.” Id. A “deadly weapon” is defined as “a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury,” or “anything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.” Tex. Pen. Code
Ann. § 1.07(a)(17) (Vernon 1994).
          The critical inquiry on review of the legal sufficiency of the evidence to
support a criminal conviction is whether the record evidence could reasonably
support a finding of guilt beyond a reasonable doubt. The inquiry does not require
this Court to ask whether we believe that the evidence at the trial established guilt
beyond reasonable doubt. Instead, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond reasonable doubt. This
familiar standard gives full play to the responsibility of the trier of fact to fairly
resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct 2781, 2788-89 (1979); Santellan v. State, 939 S.W.2d 155, 160 (Tex.
Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.—Houston [1st
Dist.] 1997, no pet.). 
          Here, Morriesette testified that she saw appellant lift up his shirt to reveal the
butt of a gun. She stated that her father owned guns during her childhood, she was
familiar with what guns looked like, and she was certain that appellant revealed a gun
to her. She described the handle of the gun as beige and curved. A firearm is a
“deadly weapon.” Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon 1994).
          We conclude that a rational trier of fact could have found beyond a reasonable
doubt that appellant used or exhibited a deadly weapon in the course of the robbery. 
Accordingly, we hold that the State’s evidence was legally sufficient to support the
conviction.
          We overrule point of error five.
          In reviewing factual sufficiency, we examine all of the evidence neutrally, and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000); see Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996) (quoting Stone v. State, 823 S.W.2d 375, 381 (Tex. App.—Austin
1992, pet. ref’d, untimely filed)). 
          In making his factual sufficiency challenge, appellant claims that the State’s
evidence was “simply not credible.” He contends that (1) Morriesette was unable to
tell if the gun allegedly used by appellant was a revolver or an automatic, (2) there
was no physical evidence which corroborated Morriesette’s testimony, and (3) the
conduct of the police suggested that handguns were not typically equipped with
beige-colored handles. 
          Appellant does not direct us to any authority that would require Morriesette’s
testimony to be corroborated. When asked by the State whether appellant’s gun was
an automatic or a revolver, Morriesette stated, “I want to say a revolver. I don’t know
if it was an automatic.” She was previously asked by the State what the difference
was between an automatic and a revolver, and she stated that revolvers have a
“spinner” that the shells are put in. Having only seen the handle of the gun,
Morriesette was not sure what kind of gun it was, but she did state that she was
certain that appellant had a gun. As for the conduct of the police, even if their
conduct did indicate that handguns are rarely equipped with beige-colored handles,
we conclude that this evidence does not greatly outweigh the evidence of the State. 
The weight to be given to contradictory evidence is within the sole province of the
jury, and we will give deference to such a finding. Cain v. State, 958 S.W.2d 404,
408-09 (Tex. Crim. App. 1997).
          We conclude that the evidence that appellant used or exhibited a deadly
weapon during the course of the robbery was not so weak as to undermine confidence
in the jury’s decision. Accordingly, we hold that the evidence was not factually
insufficient.
          We overrule point of error six.
Evidence of Extraneous Offenses in the Punishment PhaseIn point of error seven, appellant argues that the trial court erred in allowing
the State, during the punishment phase, to introduce into evidence parts of his
statement regarding his commission of extraneous offenses, because the State failed
to support the statement with corroborating evidence. Appellant contends that,
without corroborating evidence, the State did not establish the corpus delicti of the
extraneous offenses. 
          This court has previously held that the State need not present corroborating
evidence to support a defendant’s admissions to extraneous offenses during the
punishment phase of a trial. Padron v. State, 988 S.W.2d 344, 346 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). The State is only required to prove 
extraneous offenses beyond a reasonable doubt. Id. We are unwilling to depart from
our earlier precedent and, accordingly, hold that the trial court did not err in allowing
the State, during the punishment phase, to introduce appellant’s admissions of
extraneous offenses. 
          We overrule point of error seven.Conclusion
          We affirm the trial court’s judgment.
 

                                                                        Sherry Radack
                                                                        Justice
Panel consists of Justices Nuchia, Jennings, and Radack.
Do not publish. Tex. R. App. P. 47.4.