Ivo **NABELEK**, Appellant,

v.

**Billy M. ALDRICH, et al., Appellees.**

No. 14-04-00886-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 2005.

Ivo Nabelek, Midway, pro se.

Rosemary Sylvia Ward, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## ORDER

PER CURIAM.

This is an appeal from a judgment signed August 19, 2004. Appellant filed his notice of appeal on September 7, 2004. Appellant also filed a pro se application to proceed *in forma pauperis* on September 7, 2004. On September 17, 2004, the Harris County District Clerk filed a contest to appellant's affidavit of inability to pay costs. The contest was set for submission before the trial court on September 27, 2004. On September 27, 2004, the trial court signed an order sustaining the district clerk's contest.

On October 12, 2004, appellant filed a motion with this court requesting that we review the trial court's order sustaining the contest to his affidavit of indigence. The Texas Supreme Court has determined that, under the amended rules of appellate procedure, an indigent party may obtain

---

the record pertaining to the trial court's ruling sustaining the contest to his affidavit of indigence and challenge that ruling as part of his appeal, instead of by mandamus review as was done previously. *See In re Arroyo,* 988 S.W.2d 737, 738–39 (Tex. 1998). Accordingly, on November 12, 2004, we ordered those portions of the record necessary to review the order sustaining the contest to appellant's affidavit of indigence be filed with the clerk of this court.

On November 17, 2004, the district clerk filed a clerk's record, which contained the documents relevant to appellant's indigency claim. No reporter's record from the indigency hearing exists.

In its contest, the District Clerk asserted only that Nabelek's appeal was frivolous under TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a)(2)(A) (Vernon 2002). This section provides:

Subject to Subsection (c), a court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if:

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:

(A) the appeal is not frivolous ....

*Id.* In making the determination whether the appeal is frivolous, the judge may consider "whether the appellant has presented a substantial question for appellate review." *Id.* at § 13.003(b).

Nabelek claims Chapter 13 does not apply to his claims so that section 13.003(a)(2) cannot provide a basis for sustaining the district clerk's contest. We agree. Section 13.003 is part of Chapter 13 of the Texas Civil Practice and Remedies Code, which under its own unambiguous language, "does not apply to a claim governed by Chapter 14." TEX. CIV. PRAC. & REM.CODE ANN. § 13.004 (Vernon 2002); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 13.003. Chapter 14 governs claims brought by inmates in a district, county, justice of the peace, or small claims court in which the inmate files an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon 2002). Because Nabelek brought his claims in a district court and filed an affidavit or unsworn declaration of inability to pay trial-court costs, we conclude that Chapter 14 governs Nabelek's claims and that therefore section 13.003 does not apply to the district clerk's contest. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.004, 14.002.

In the course of holding that section 14.004 does not apply to an inmate's filing of an affidavit of inability to pay appellate costs, this court has previously stated that Chapter 14 does not govern procedure in appellate courts. *See Nabelek v. Garrett,* 94 S.W.3d 648, 649 (Tex.App.-Houston [14th Dist.] 2002, pet. dism'd w.o.j.) (published order). That statement and holding are consistent with our resolution in this case. *See id.* In this case, we are not stating that the procedural requirements of Chapter 14 apply on appeal. Rather, we are holding that, when an inmate appeals the dismissal of his claims in a case in which he has previously filed an affidavit of inability to pay district-court cost, the district clerk's contest in the district court of the inmate's affidavit that he is unable to pay appellate costs involves a claim governed by Chapter 14, and therefore, section 13.003 does not apply. The determination that such contests involve claims governed by Chapter 14 does not mean that the affidavit requirement of section 14.004 applies to an inmate's filing of an affidavit of inability to pay appellate costs. Because the Texas Legislature has

determined that Chapter 13 does not apply to claims governed by Chapter 14, and because Chapter 14 governs Nabelek's claims in the district court, Chapter 13 does not apply to the district court's contest in the district court of Nabelek's affidavit of inability to pay appellate costs.

Because the trial court based its determination on Chapter 13, which we have held inapplicable to this case, we hold that the trial court's order of September 27, 2004, cannot stand. Accordingly, we find appellant's affidavit of indigency is sufficient to enable him to proceed on appeal without advance payment of costs.