**Order issued July 24, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-09-01059-CV

_____

## FELDON BONNER, II, Appellant

## V.

## SAUL AUSTIN AND LINDA MAY AUSTIN, Appellees

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-51857**

## MEMORANDUM ORDER

Appellees, Saul and Linda May Austin, sued appellant, Feldon Bonner, II, individually and d/b/a Powerhouse Ministry/Church, for fraudulent transfer of certain real property and for slander of title, seeking actual damages, punitive

damages, and declaratory relief.  Appellant counterclaimed to quiet the title to the property at issue and brought claims in trespass and unjust enrichment.  A jury found in favor of appellees on all claims, except that appellant was declared to be the owner of two of the several tracts at issue.  Appellant filed a notice of appeal and claimed that he was unable to pay the costs of appeal.  Appellant challenges the trial court's order sustaining a contest to his indigence claim.  *See In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998).

We affirm the trial court's order.

## Standard of Review and Principles of Law

Texas Civil Practice and Remedies Code section 13.003 sets out the statutory requirements that must be met for an appellant to obtain a free record on appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002).[1]  Section 13.003

---

[1]  We recognize that section 13.003 does not apply to a suit governed by Civil Practice and Remedies Code Chapter 14, "Inmate Litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.004 (West 2002); *Nabelek v. Aldrich*, 157 S.W.3d 884, 885 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Appellant was an inmate throughout the underlying proceedings and was paroled after filing his appeal from the trial court's judgment on the merits.  Chapter 14 does not, however, govern the appeal.

Civil Practice and Remedies Code section 14.002, which defines the scope of Chapter 14, was recently amended. Prior to amendment, section 14.002 provided that Chapter 14 "applie[d] only to *a suit brought by an inmate in a district*, county, justice of the peace, or small claims *court in which* an affidavit or unsworn declaration of inability to pay costs [was] filed by the inmate." *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922, *amended by* Act of , 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01, 2011 Tex. Sess. Laws Serv. 116, 161.  This and other courts have concluded that, in its pre-amended form, "Chapter

2

states, in pertinent part, that a trial court clerk and court reporter shall provide a

record for appeal without cost only if:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
>> (A) the appeal is not frivolous; and
>>
>> (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.* Thus, to obtain a free record on appeal, an appellant must both file an affidavit

of indigence under the Rules of Appellate Procedure and request certain findings

from the trial court.

---

14 [did] not apply to appellate courts." *Nabelek*, 157 S.W.3d at 885; *see Jackson v. Bd. of Pardons and Paroles*, 178 S.W.3d 272, 277–78 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (concluding that section 14.004 did not apply to appeal and applying section 13.003). As amended, section 14.002 now provides that Chapter 14 applies to "*an action, including an appeal* or original proceeding, *brought by an inmate in* a district, county, justice of the peace, or small claims court or *an appellate court*, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2011) (emphasis added). The amended version "applies only to an action brought on or after the effective date," January 1, 2012.

In 1989, appellant was convicted of the offenses of aggravated robbery and murder, and he was assessed punishment of confinement for life. *See Bonner v. State*, 804 S.W.2d 580, 581 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). While appellant was an inmate, appellees brought the underlying suit against appellant and appellant brought this appeal. Because appellant brought his appeal prior to January 1, 2012, the appeal does not fall within the scope of Chapter 14. *See Nabelek*, 157 S.W.3d at 885. Hence, section 13.003 applies. *See Jackson*, 178 S.W.3d at 277–78.

Affidavits of indigence are governed by Rule of Appellate Procedure 20.1. TEX. R. APP. P. 20.1; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1) (requiring that affidavit of indigence be filed in accordance with Rules of Appellate Procedure). Rule 20.1 allows a party to proceed on appeal without advance payment of costs[2] if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is either not contestable, is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

Generally, the appellant must file the affidavit of indigence in the trial court "with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). The affidavit must identify the party filing the affidavit, state the amount of costs the party can pay, if any, and present complete information about the party's financial condition. *See* TEX. R. APP. P. 20.1(b).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e). Within 10 days after a contest is filed, the trial court must either conduct a hearing or sign an order extending the time for the hearing no more than 20 days from the date of the order. TEX. R. APP. P. 20.1(i)(2).

---

[2]    Rule 20.1(n) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(n).

At the hearing on the contest, the appellant bears the burden to prove his indigence by a preponderance of the evidence. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). If the party seeking to be declared indigent is incarcerated at the time of the hearing, the affidavit must be considered as evidence and is sufficient to meet the indigent party's burden to present evidence without the party attending the hearing. TEX. R. APP. P. 20.1(g)(1). The party contesting the affidavit then has the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc. v. Hon. Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When the

5

trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See Arroyo*, 988 S.W.2d at 738–39.

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.* Rule 20.1 is to be interpreted "liberally in favor of preserving appellate rights." *See Higgins*, 257 S.W.3d at 686.

## Background

On December 1, 2009, appellant claimed through a bare statement in his notice of appeal that he was indigent. The trial court notified appellant that he had failed to comply with Rule 20.1 and gave him an opportunity to cure the defect. The trial court appended forms to its notice; directed appellant to complete the forms and to "disclose the real estate that he owns"; admonished that the "fact that he owns real estate may be evidence against [appellant's] claim of indigence"; and instructed that appellant "show why he should not be required to use his real estate to pay for the fees on this appeal." *See id.* (stating that "the applicant must declare to the court, by affidavit, an inability to pay any, or the ability to pay only some, of

the costs of appeal," citing TEX. R. APP. P. 20.1). Because appellant was incarcerated at the time,[3] the trial court notified appellant that a hearing would be held on December 17, 2009, at which appellant could appear by his affidavit. *See* TEX. R. APP. P 20.1(g)(1).

Although the trial court gave appellant an opportunity to file an affidavit in accordance with Rule 20.1, nothing in the record before us reflects that appellant complied. Nevertheless, contests were filed by the district clerk and court reporter. In addition, appellees filed written objections, to which they appended documentation of appellant's real estate holdings. On December 17, 2009, after a hearing, the trial court sustained the court reporter's contest. Appellant did not challenge the order sustaining the contest.

In May 2010, this Court notified appellant that his affidavit of indigence was deficient and that his appeal was subject to dismissal if he did not remedy the defect within 20 days. *See* TEX. R. APP. P 20.1(c)(3) (providing that appellate court may not dismiss appeal or affirm trial court's judgment on ground that appellant has failed to file affidavit or sufficient affidavit without first providing appellant notice of deficiency and chance to cure).

Appellant then filed in this Court an affidavit of indigence in accordance with Rule 20.1, which this Court sent to the trial court. *See* TEX. R. APP. P. 20.1(b),

---

[3]     Appellant was released on parole on November 4, 2011.

(c)(1), & cmt. The district clerk and court reporter each timely contested the affidavit. Appellees filed objections to the affidavit. On August 15, 2011, after a hearing, the trial court signed an order sustaining the court reporter's contest. Appellant challenges the trial court's order.

## Analysis

Appellant has paid the filing fee for the appeal. We consider appellant's challenge with respect to obtaining a free record for appeal.

To obtain a free record for appeal, appellant must have complied with the statutory requirements set out in Civil Practice and Remedies Code section 13.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003. Section 13.003 expressly provides that a court reporter or clerk shall provide a record without cost "only if": (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and (2) the trial court finds: (A) the appeal is not frivolous; and (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a).

The record before us does not reflect any findings as required by section 13.003(a)(2). *See id.* In addition, the record does not reflect any request for such findings by appellant or any objection or complaint to the trial court regarding the

8

absence of such findings. Furthermore, appellant has not raised the absence of such findings as error in this Court. By failing to request or obtain the findings required by section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See id.*; TEX. R. APP. P. 33.1; *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied) (concluding that appellant had failed to preserve any issue for review by failing to obtain or request the findings required by section 13.003); *Rhodes v. Honda*, 246 S.W.3d 353, 356 n.4 (Tex. App.—Texarkana 2008, no pet.) (noting that it would be error to reverse trial court and allow appellant to obtain free record without required statutory findings).

Even if we were to consider appellant's challenge in the absence of the required statutory findings, the trial court's order must be upheld.

By his affidavit, appellant declared that he is incarcerated and has no income. Appellant claimed he has no assets, as follows:

> I legally conveyed all my personal and combined property interests to Powerhouse Ministry Church in 2005, and I do not own any real estate. Appellees have contacted [the] Appraisal District to claim that I own property, but I don't, since 2005, in Harris County Deed No. Y974461 transferring all real estate and property interest out of my ownership.

9

In addition, appellant declared that he has "no other assets"; is not married and therefore has no spousal income available to him; has no dependants; has no "cash on deposit that [he] can withdraw"; has no monthly expenses; owes $6,000 in student loans and $400 in court fees; is unable to obtain a loan due to his incarceration; has no attorney assistance; and that he does not have the skills or access to equipment to prepare an appendix, as required by Rule 38.5.

Appellant addressed the factors required by Rule 20.1(b). *See* TEX. R. APP. P. 20.1(b). Because appellant was incarcerated at the time of the hearing on the contest, his affidavit must be considered as evidence and was sufficient to meet his burden to present evidence without attending the hearing. TEX. R. APP. P. 20.1(g)(1).

The court reporter then had the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc.*, 934 S.W.2d at 352. At the hearing on the contest, evidence was admitted that appellant had failed to disclose certain real property in his affidavit.[4] By his affidavit, appellant claims to have transferred all of his property interests to "Powerhouse Ministry/Church." The trial court admitted

---

[4] The record shows that the court reporter joined in the arguments and offer of evidence by the district clerk and appellees. At the hearing, it was also asserted that appellant had failed to file a certified statement of his inmate trust account, pursuant to Civil Practice and Remedies Code sections 14.004 and 14.006. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c) (West Supp. 2011), 14.006(f) (West 2002). This case is not governed by Chapter 14. *See supra* note 2.

a copy of a deed and documentation from the Fort Bend County Appraisal District reflecting that appellant had owned real property that he purportedly conveyed to Powerhouse.[5] Appellees argued that the conveyance was a sham. The trial court admitted evidence of the business organization of Powerhouse; that appellant identifies himself as the "Founder/Owner" of Powerhouse; and that appellant serves as its minister, director, CEO, and president and governs its financial matters.

On this evidence, the trial court could have concluded that appellant had failed to properly disclose his assets or his financial means. As the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *See Prince v. Am. Bank of Tex.*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.) (concluding that trial court may choose to believe evidence presented at hearing on contest). There is no abuse of discretion if some evidence supports the trial court's decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998). We may not reverse the trial court's decision simply because we might have reached a different result. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

---

[5] In the judgment being appealed, the trial court declared "Feldon Bonner II, d/b/a Powerhouse Ministry/Church" to be the owner of 1.14 acres of the C.J. Bonnette tract, Harris County, and of the house and lots located at 6828 Knox Street, Harris County. As appellees asserted at the hearing on the contest, appellant did not disclose this property in his affidavit of indigence. Because this property is listed in the trial court's judgment being appealed and is therefore, in part, the subject of this suit, we do not include it in our analysis. We need not resolve whether this property should have been listed in the affidavit because appellees offered evidence of other property that was not listed in appellant's affidavit and that is not the subject of this suit.

11

By sustaining the contest to appellant's affidavit of indigence, we cannot conclude that the trial court acted without reference to any guiding rules or principles; that the facts and law permit only one decision, which is the opposite of the trial court's decision; or that the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *See Arevalo*, 983 S.W.2d at 804. Therefore, we cannot conclude that the trial court abused its discretion. *See id.*

Accordingly, we affirm the trial court's August 15, 2011 order.

Appellant has paid the filing fees. Because appellant has not established indigence, it is **ORDERED** that appellant file with this court no later than **30 days** from the date of this order, proof that he has paid, or has made arrangements to pay, the fees for preparing the clerk's record and, if any, the reporter's record. *See* TEX. R. APP. P. 34.5, 34.6(b), 37.3.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

12