

# Fourth Court of Appeals
## San Antonio, Texas

January 22, 2014

No. 04-13-00871-CV

Alonzo Foster **BALL**, Jr.,
Appellant

v.

LaVaughn **LEWIS**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-05112
Honorable Janet P. Littlejohn, Judge Presiding

# O R D E R

Appellant Alonzo Foster Ball Jr., an inmate acting pro se, filed a notice of appeal with this court on December 12, 2013. Because Appellant's notice of appeal indicated he was an inmate and he filed an affidavit of indigence, on December 31, 2013, we ordered Appellant to comply with the indigent inmate suit requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2013). The order mailed to Appellant at the Bexar County Adult Detention Center was returned marked "Inmate Released." Our December 31, 2013 order is withdrawn as MOOT.

After Appellant filed his notice of appeal, Appellant filed an affidavit of inability to pay costs in this court. It appears that Appellant did not file the affidavit in the trial court.

A party who cannot pay the costs of an appeal must file an affidavit of indigence "in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). Appellant's affidavit was therefore due in the trial court on December 12, 2013, the date the notice of appeal was filed, or a motion for extension of time to file the affidavit was due in this court fifteen days later, on December 27, 2013. *See id.* R. 20.1(c)(1), (3). Appellant's affidavit was apparently never filed with the trial court; however, an untimely, uncontested affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008). Accordingly, we DIRECT the clerk of this court to forward a copy of Appellant's affidavit to the trial court clerk for filing in that court.

This appeal is ABATED, and the trial court clerk, court reporter, or any party can file a contest to the affidavit in accordance with Rule 20.1(e) within TEN DAYS from the date of this order. *See* TEX. R. APP. P. 20.1(e). If a contest is timely filed, the trial court is ORDERED to proceed in accordance with Rule 20.1(i). *See id.* R. 20.1(i). If no contest is filed or if a contest is overruled, the trial court is ORDERED to determine whether or not the appeal is frivolous in accordance with section 13.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002).

The trial court clerk is ORDERED to file a supplemental clerk's record containing all filings and orders relating to the affidavit of indigence no later than (1) TWENTY DAYS from the date of this order if no timely contest is filed, or (2) FORTY-FIVE DAYS from the date of this order if a timely contest to the affidavit is filed. In the event a contest is filed, the court reporter responsible for transcribing the record of the hearing on the contest is ORDERED to file a reporter's record from the hearing no later than FORTY-FIVE DAYS from the date of this order.

The clerk of this court is ORDERED to send a copy of this order and a copy of the affidavit to the parties, the trial court clerk, the court reporter, and the trial court judge. *See* TEX. R. APP. P. 20.1(d)(2).

All other appellate deadlines are SUSPENDED pending further order of this court.


_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of January, 2014.


_____
Keith E. Hottle
Clerk of Court