**Lawrence HIGGINS, Petitioner,**

v.

**RANDALL COUNTY SHERIFF'S OFFICE, Respondent.**

No. 06–0917.

Supreme Court of Texas.

May 16, 2008.

eleven items of financial information that the affidavit of indigence must contain, TEX.R.APP. P. 20.1(b), and also provides that if no contest to the affidavit is filed, "no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs," TEX.R.APP. P. 20.1(f). We must decide whether the appeal of a party asserting indigence may proceed when the affidavit lacks complete information on all of the items enumerated in subsection (b) but no contest to the affidavit is filed. We hold that it may. Accordingly, we reverse the court of appeals' judgment of dismissal and remand the case to that court for consideration of the petitioner's appeal.

Lawrence Higgins, a *pro se* inmate, timely appealed the trial court's dismissal of his civil suit for want of prosecution but failed to either pay the filing fee or file an affidavit of indigence. When the court of appeals requested payment of the filing fee within ten days, Higgins filed an affidavit of indigence. Because Higgins failed to file the affidavit *with* his appeal as Texas Rule of Appellate Procedure 20.1(c)(1) provides, and because the affidavit failed to fully comply with Rule 20.1(b), the court dismissed Higgins's appeal. *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 732, 732, 2005 WL 148764, at *1, 2005 Tex.App. LEXIS 495, at * 1–*2 (Tex. App.-Amarillo 2005). We reversed on both grounds, holding that an appeal may not be dismissed for a formal procedural defect unless the party is provided a reasonable opportunity to correct the defect. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899–900 (Tex.2006) ("*Higgins I* ").

After our decision, by letter dated July 18, 2006, the court of appeals directed Higgins to file, by July 27, 2006, a written response justifying the late filing of his

Lawrence Higgins, Huntsville, TX, pro se.

James Farren, Randall County Criminal District Attorney, Canyon, TX, for Randall County Sheriff's Office.

Justice O'NEILL delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice BRISTER, and Justice MEDINA joined.

Texas Rule of Appellate Procedure 20.1 governs the procedures to establish an appellant's indigence. The rule enumerates

affidavit and an amended affidavit that complied with Rule 20.1. According to Higgins, he received the court's letter on July 24th and that same day mailed a new affidavit of indigence, a copy of his inmate trust fund account statement, and a statement justifying his belatedness. That affidavit, in its entirety, reads:

> I, Lawrence Daniel Higgins, hereby swear that I am unable to pay any court costs in court of appeals No. 07–05–00004–CV. I am incarcerated and do not receive any monies from anywhere. I have no money at this time nor do I expect any money in the immediate future. I have attached a copy of the last trust fund account statement that I received which shows my balance to be $00.03. Please allow my appeal to proceed in forma pauperis since I am unable to pay the costs.

Higgins contends that under prison rules governing access to the law library, it was impossible for him to access the appellate rules and ascertain Rule 20.1's requirements in time to comply with the court's July 27th deadline. No contest was filed to Higgins's affidavit. The court of appeals dismissed Higgins's appeal for failure to comply with Rule 20.1(b). No. 07–05–0004–CV, 2006 WL 2418823, at *2, 2006 Tex.App. LEXIS 7423, at *7. We grant Higgins's petition for review to consider the effect of incomplete compliance with Rule 20.1(b) when an affidavit of indigence is uncontested.

■ The concept that courts should be open to all, including those who cannot afford the costs of admission, is firmly embedded in Texas jurisprudence. *See, e.g.,* TEX. CONST. art. I, § 13; *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 353 (Tex.1996); *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 19–20 (1942); *see also Goffney v. Lowry,* 554 S.W.2d 157, 159 (Tex.1977); *Pendley v.*

*Berry,* 95 Tex. 72, 65 S.W. 32, 33 (1901). The option of submitting an affidavit of indigence in lieu of a filing fee has been available in civil appeals for more than a century, first by statute and now by rule. *See* Act of May 3, 1871, 12th Leg., R.S., ch. 71, §§ 1–2, 1871 Tex. Gen. Laws 74, *amended by* Act of Apr. 14, 1879, 16th Leg., R.S., ch. 81, § 1, art. 1401, 1879 Tex. Gen. Laws 90, *amended by* Act of May 18, 1931, 42d Leg., R.S., ch. 134, § 1, 1931 Tex. Gen. Laws 226, *repealed by* Act of May 15, 1939, 46th Leg., ch. 25, § 1, 1939 Tex. Gen. Laws 201 (current version at TEX.R.APP. P. 20.1); *see also Pendley,* 65 S.W. at 32–33. Throughout this time, the fundamental requirement for asserting indigence has remained the same: the applicant must declare to the court, by affidavit, an inability to pay any, or the ability to pay only some, of the costs of appeal. TEX.R.APP. P. 20.1(a)(1), (b), (k); *Pendley,* 65 S.W. at 32–33.

■ The method of ensuring fairness, permitting interested parties to contest the claim of indigence, has also been in place for more than a century. Act of Apr. 14, 1879, 16th Leg., R.S., ch. 81, § 1, art. 1401, 1879 Tex. Gen. Laws 90 (amending Act of May 3, 1871, 12th Leg., R. S., ch. 71, §§ 1–2, 1871 Tex. Gen. Laws 74); TEX.R.APP. P. 20.1(e). If the affidavit is contested, the burden is on the applicant to prove indigence by a preponderance of the evidence. TEX.R.APP. P. 20.1(g); *Pinchback,* 164 S.W.2d at 20. The test for determining indigence is straightforward: "Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *Pinchback,* 164 S.W.2d at 20; *see also* TEX.R.APP. P. 20.1(h)-(i). Depending upon the circumstances, certain types of financial information may be rele-

vant and helpful to a court when evaluating a contested claim of indigence, including the following items described in Rule 20.1(b):

(1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

TEX.R.APP. P. 20.1(b). Although the rule was revised in 1997 to include these enumerated items, such information was already considered by the courts in determining whether, "from the record as a whole, it really appears that a party is unable to pay the costs." *Pinchback*, 164 S.W.2d at 20; *see* TEX.R.APP. P. 20.1(b)(1)-(11); *Griffin Indus.*, 934 S.W.2d at 354 (considering the nature of the fee agreement between the appellant and her attorney, as well as the record as a whole, as demonstrating appellant's indigence).

■ The financial information described in Rule 20.1(b) is virtually the same information that Texas Rule of Civil Procedure 145 requires to demonstrate indigence in the underlying proceedings before the trial court. TEX.R. CIV. P. 145(b). Unlike in federal court,[1] our procedural rules require the filing of an affidavit of indigence both upon the initial filing of suit in the trial court and again if an appeal is taken. TEX.R.APP. P. 20.1(a); TEX.R. CIV. P. 145(a). Rule 145 permits the defendant or the clerk to contest the affidavit, provided it is not accompanied by an IOLTA certificate.[2] TEX.R. CIV. P. 145(d). The trial court in this case dismissed Higgins's claim for want of prosecution rather than for failure to pay costs, and it appears from the record that the trial court was satisfied that Higgins was indeed indigent. No party contested Higgins's indigence at the trial court level.

On appeal, Higgins's affidavit did not specifically discuss all of the items enumerated in Rule 20.1(b). However, Higgins did clearly attest that he had no cur-

1. In federal court, an indigent party may rely upon the affidavit filed in the trial court and need not file a second affidavit on appeal. 28 U.S.C. § 1915(a). The Federal Rules of Civil Procedure contain a form that indigent parties may complete to satisfy the indigence requirements. *See* FED.R.CIV.P. form 4.

2. Rule 145 was amended in 2005 to prohibit contests to affidavits of indigence that are accompanied by an IOLTA certificate indicating that the party has passed the rigorous screening process for beneficiaries of IOLTA-funded programs. *See* TEX.R. CIV. P. 145(c)-(d). The amendment's purpose was to eliminate frivolous challenges to a party's indigence, thereby promoting "two important principles of our judicial system—conservation of judicial resources and increased access to justice for the poor." Chief Justice Wallace B. Jefferson, *Access to Justice*, 70 TEX. B.J. 687, 687 (2007). Our proposed 2008 rule changes extend the IOLTA certificate rule to appellate filings. *See Court Orders*, 71 TEX. B.J. 286, 289–90 (2008).

rent or expected income of any kind, and that he had no prospects for receiving any money in the future. Further, as we indicated in *Higgins I*, "common sense" supports the notion that an incarcerated individual is highly unlikely to qualify for loans, and Higgins is not represented by counsel. 193 S.W.3d at 900 (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)); *see* Tex.R.App. P. 20.1(b)(9), (11). Importantly, neither the clerk, the court reporter, nor any party challenged Higgins's claim of indigence by filing a contest to his affidavit, as subsection (e) specifically allows.[3] Tex.R.App. P. 20.1(e). Had any one done so, subsection (h) would apply, which provides as follows:

> If the affidavit of indigence is filed in an appellate court *and a contest is filed,* the court may:
>
> (1) conduct a hearing and decide the contest;
>
> (2) decide the contest based on the affidavit and any other timely filed documents;
>
> (3) request the written submission of additional evidence and, without conducting a hearing, decide the contest based on the evidence; or
>
> (4) refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief.

Tex.R.App. P. 20.1(h) (emphasis added). If no contest is filed, subsection (f) provides that "no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." Tex. R.App. P. 20.1(f).

The purpose of Rule 20.1 is to *permit* parties to proceed without paying filing fees if they are unable to do so, and we have long interpreted the Rules of Appel-late Procedure liberally in favor of preserving appellate rights. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex. 1997); *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987) ("Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal."); *see also* Tex.R. Civ. P. 1("[T]o obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . with as great expedition and dispatch and at the least expense . . . as may be practicable, these rules shall be given a liberal construction."). It is a simple matter under the rule to contest an affidavit of indigence; the contest must only be timely and it need not be sworn. Tex.R.App. P. 20.1(e). The dissenting justices posit that, when no contest is filed, subsection (f) only operates to "deem[ ] true" whatever allegations the affidavit contains; if those allegations are incomplete, the appeal should be dismissed. 257 S.W.3d 684, 690. Subsection (f), however, does more than "deem" the affidavit's allegations true; it specifically provides that the allegations "will be deemed true, *and the party will be allowed to proceed* without advance payment of costs." Tex.R.App. P. 20.1(f) (emphasis added). The dissent's view would render the foregoing language meaningless.

■ Once again, "[w]e decline to elevate form over substance, as the dissenters would," *Verburgt,* 959 S.W.2d at 617, and conclude that Higgins's uncontested affidavit was adequate to fulfill the fundamental purpose of Rule 20.1. Our decision "reflect[s] the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects." *Id.* at 616; *see Jones,* 747 S.W.2d at 370. We have steadfastly ad-

---

**3.** Respondent Randall County Sheriff's Office elected not to file either a response to Hig-gins's petition for review or a brief on the merits in this Court.

hered to this policy in refusing to require strict conformance with other formal aspects of Rule 20. 1, including the requirement that an affidavit of indigence be filed "with or before the notice of appeal." *See, e.g., Sprowl v. Payne,* 236 S.W.3d 786, 787 (Tex.2007); *Springer v. Springer,* 240 S.W.3d 871, 872 (Tex.2007); *Hood v. Wal-Mart Stores, Inc.,* 216 S.W.3d 829, 830 (Tex.2007); *Higgins I,* 193 S.W.3d at 899–900.

Higgins's affidavit adequately explained that he is unable to pay the required filing fee and, as no challenge was made to his assertion of indigence, Higgins is entitled to proceed without advance payment of costs. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand Higgins's appeal to that court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1.

Justice GREEN filed a dissenting opinion, in which Justice WAINWRIGHT and Justice WILLETT joined.

Justice JOHNSON did not participate in the decision.

Justice GREEN, joined by Justice WAINWRIGHT and Justice WILLETT, dissenting.

The Texas Rules of Appellate Procedure require a party filing an appeal to pay a filing fee with the appellate court. Tex. R.App. P. 5. Failure to pay the filing fee may result in dismissal of the appeal. *Id.* ("The appellate court may enforce this rule by any order that is just."); *see also id.*

25.1(b), 42.3. But the rules also provide that an indigent appellant may be excused from paying the filing fee if he demonstrates by affidavit his inability to pay costs. *See id.* 20.1. Rule 20.1(b) states that the affidavit "must" contain "complete information" concerning eleven specific categories of information regarding the affiant's financial condition. *Id.* 20.1(b). The question presented here is whether, in the case of an affidavit violating Texas Rule of Appellate Procedure 20.1(b), Rule 20.1(f)[1] strips courts of appeals of their general sua sponte dismissal power.

The Court today concludes that it does, holding that when no contest is filed, any affidavit purporting to invoke indigent status is sufficient to avoid dismissal, no matter how deficient. I respectfully dissent because Rule 20.1 properly places the burden of proving indigence entirely on the party seeking that status and makes clear what that party must do to establish his inability to pay costs.[2] An affidavit that fails to comply with Rule 20.1(b) fails to establish indigence, whether or not a contest is filed.

Rule 20.1(f) does not create an exception to the court's power to dismiss an appeal when the affidavit violates Rule 20.1(b). Rule 20.1 contains three equally mandatory requirements, none less compulsory than another:

(a) Establishing Indigence. A party who cannot pay the costs in an appellate court may proceed without advance payment of costs if:

1. "Unless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." Tex.R.App. P. 20.1(f).

2. Contrary to the Court's suggestion, whether or not "it appears from the record that the trial court was satisfied that Higgins was indeed indigent," 257 S.W.3d 684, at 687, plays no part in our consideration of Higgins's conduct at the court of appeals. The two processes are wholly independent, and must be evaluated as such. *See* Tex.R.App. P. 20.1(a), (c).

(1) the party files an affidavit of indigence in compliance with this rule; (2) the claim of indigence is not contested or, if contested, the contest is not sustained by written order; and (3) the party timely files a notice of appeal.

*Id.* 20.1(a). The absence of an authorized contest alleviates *only* the (a)(2) burden of proving the affidavit's allegation that the affiant lacks the actual ability to pay. *Id.* 20.1(a)(2), (f). Because the (a)(1) and (a)(3) requirements stand independently, affiants must *always* "file in compliance" with each component of Rule 20.1 and must *always* meet the deadline for filing a notice of appeal. Unlike (a)(2), neither (a)(1) nor (a)(3) contain any recognition of (f), and that difference must be given meaning. The absence of any language recognizing (f) in (a)(1) and (a)(3) means that (f) cannot dispense with those two requirements. It is unimaginable that the lack of a contest would absolve a petitioner's failure to comply with appellate deadlines, as required by (a)(3), yet—without any basis in the language of the Rule—the Court somehow concludes that (a)(1) is subject to different treatment.

Rule 20.1(f) has nothing to do with an appellate court's power to dismiss; it is about proof. Rule 20.1(g) provides that "[i]f a contest is filed, the party who filed the affidavit of indigence *must prove the affidavit's allegations.*" *Id.* 20.1(g) (emphasis added); *see also id.* 20.1(h)-(i) (hearing procedures). Rule 20.1(f) "deem[s]" allegations "true" if no contest is filed. *Id.* 20.1(f). But an incomplete affidavit constitutes a defect regardless of whether its allegations are proven in a hearing under (g) or "deemed true" by operation of (f). *Id.* Because missing allegations cannot be deemed true, an incomplete affidavit violates the "complete information" requirement, *id.* 20.1(b), and the requirement of filing "in compliance with this rule," *id.* 20.1(a)(1), justifying dismissal of the appeal.[3]

We recognized this in *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex.2006) (per curiam), concluding that the court of appeals could dismiss Higgins's appeal if his affidavit's defects remained after a reasonable opportunity to correct. *Id.* at 899–900 (citing Tex.R.App. P. 44.3 and *In re J.W.,* 52 S.W.3d 730, 733 (Tex.2001) (per curiam)). We later affirmed *Higgins's* construction in *Hood v. Wal–Mart Stores, Inc.,* 216 S.W.3d 829 (Tex.2007) (per curiam): "[U]nder Texas Rule of Appellate Procedure 44.3, a court of appeals *may not dismiss* an action due to a formal defect or irregularity *without first* allowing the petitioner reasonable time to cure the error." *Id.* at 830 (emphasis added). We have never held, as the Court today does, that Rule 20.1(f) prevents courts from dismissing a case no matter how deficient the

---

**3.** The Court suggests that before the adoption of Rule 20.1(b) and its requirement that affiants provide eleven specific pieces of information, "such information was already considered by the courts" in determining indigence. 257 S.W.3d at 687. But how could courts be considering information that affiants were not providing? This case is not the first to prove that affiants do not always provide the information required for accurate indigence determinations. *See, e.g., Johnson v. Harris County,* 257 S.W.3d 730, 731, 2004 WL 306088, at

*2 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (mem.op.) (affiant failed to provide all 20.1(b) information); *Teague v. Southside Bank,* 257 S.W.3d 726, 728–29, 2003 WL 21356052, at *2 (Tex.App.-Tyler 2003, no pet.) (mem.op.) (affiant failed to provide all 20.1(b) information); *Thomas v. Olympus/Nelson Prop. Mgmt.,* 97 S.W.3d 350, 353 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (affiant failed to provide all 20.1(b) information). The failure of affiants to provide complete information is the reason that Rule 20.1(b) must exist and must be enforced.

affidavit. *Higgins* concluded that if a reasonable opportunity to correct were provided, this court of appeals could dismiss Higgins's appeal because of this affidavit's defects. 193 S.W.3d at 899–900. The Court's citation to the *Higgins* opinion in support of today's decision is inexplicable.

The Court says that "[t]he method of ensuring fairness, permitting interested parties to contest the claim of indigence, has also been in place for more than a century," implying that the Court's holding is in accord with our historical practice. 257 S.W.3d at 686. Even if true, this historical premise is not a license to ignore the text of the rule that governs today. Before 1997, Rule 40(a)(3) governed affidavits of indigence and required only that an affiant "state he is unable to pay the costs of appeal or any part thereof, or to give security therefor." TEX.R.APP. P. 40(a)(3) (Tex. & Tex.Crim.App. 1986, amended 1990). If that were the rule we were still applying, the Court's analysis would be more persuasive. But the 1997 promulgation of Rule 20.1 created two new requirements that we cannot ignore: Rule 20.1(a)(1), a *new requirement* that affiants "file an affidavit of indigence in compliance with this rule," and Rule 20.1(b), a *new requirement* that affiants provide complete information about the eleven enumerated indicia of indigence. TEX. R. APP. P. 20.1(a)-(b). The Court refuses to recognize those changes because it prefers a different balance. That is not our role.[4]

In its interpretation of Rule 20.1(b), the Court converts mandatory terms into permissive suggestions without justification. According to the Court, "[d]epending upon the circumstances, certain types of finan-cial information may be relevant and helpful to a court when evaluating a contested claim of indigence, including the following items described in Rule 20.1(b). . . ." 257 S.W.3d at 686–87. Under that reading, when Rule 20.1(b) says that "[t]he affidavit must also contain complete information" about the eleven types of information, "must" really only means "may," and even then only "depending upon the circumstances." *Id.* at 686–87. That is not a "liberal construction" of the text, *id.* at 688–89; that is rewriting the text. If Rule 20.1(b)'s purpose was to require different showings in different circumstances, the text would have included more flexible terms. After all, the rules of appellate procedure should be interpreted as more than mere "relevant and helpful" suggestions. 257 S.W.3d at 686–87. Rule 20.1(b) must be read to give litigants notice of what is actually required: An affidavit containing the eleven enumerated indicia of indigence, without exception.

As the Court endorses Higgins's conclusory assertions of his inability to pay costs, *id.* at 689, it fails to recognize the critical omissions in his affidavit. Higgins's affidavit says nothing about his spouse's income, nothing about real or personal property, nothing about other assets, nothing about defendants, nothing about debts, nothing about monthly expenses, nothing about the ability to obtain a loan, and nothing about an attorney. *See* TEX.R.APP. P. 20.1(b)(2), (b)(3), (b)(5)-(11). Yet under the Court's rule, Higgins could have three yachts, a millionaire spouse, and two parents who would gladly loan him the money, while still proceeding as an indigent. Rule 20.1(b) stands for the proposition that an accurate indigence inquiry *always* requires

---

4. I agree with the Court that we ought not "elevate form over substance," 257 S.W.3d at 688, and that is why I would adhere to the rule that courts of appeals must provide a reasonable opportunity to correct before dis-missing appeals like Higgins's. The reasonable opportunity to correct ensures that mere oversights and good faith errors are not subject to dismissal.

*all* of the Rule 20.1(b) information. Without it, neither we nor the potential contestants can conduct a meaningful evaluation of the litigant's indigence. Even if " 'common sense' supports the notion that an incarcerated individual is highly unlikely to qualify for loans," 257 S.W.3d at 688 (quoting *Higgins,* 193 S.W.3d at 900), no part of our jurisprudence recognizes an inmate exception to Rule 20.1. Instead, we require individualized determinations precisely because assumptions and likelihoods are inaccurate predictors of actual need. *See Gibson v. Tolbert,* 102 S.W.3d 710, 713 (Tex.2003). "[I]f the courts allow the privilege granted [by the indigent cost rules] to be abused by those who, in fact, ought to pay, this may lead to the abolition of the exemption." *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942). Under Rule 20. 1, courts ought not make the choice of whether to challenge the claim of indigence, but they ought to be able to ensure that the choice belonging to the contestants is a meaningful one.

The Court's decision today changes the balance struck by Rule 20.1 and departs from the Rule's clear mandates. We ought not overrule *Higgins* and *Hood* less than two years after their issuance. I would hold that the court of appeals did not abuse its discretion by dismissing this appeal because Higgins's affidavit of indigence was defective on its face, and because Higgins was given a reasonable opportunity to correct his affidavit of indigence and failed to do so.[5] Because the Court does not, I respectfully dissent.

---

**5.** Without explanation, the Court today approves an affidavit of indigence filed in the wrong court. *See* TEX.R.APP. P. 20.1(c)(1)-(2) (affidavits of indigence for appeals must be filed in the trial court). Since I would hold that the violation of Rule 20.1(b) justifies the court of appeals' dismissal, I need not address whether the previous proceedings in this matter justify this strange result. *See Higgins,* 193 S.W.3d 898; *cf. Hood,* 216 S.W.3d 829 (approving an appellant's affidavit of indigence filed in the court of appeals).