Opinion Issued June 4, 2009









Opinion Issued June 4,
2009

 

 

 

 

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00653-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



TIMOTHY AGUILAR, Appellant

 

V.

 

TEXAS
LA FIESTA AUTO SALES LLC, and PATRICK J. MILLER, Appellees

 

 



On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2008-35253

 








 



MEMORANDUM OPINION

           Timothy Aguilar appeals
the trial court’s order sustaining the district clerk’s contest to Aguilar’s
affidavit of indigency.  Aguilar requests that we reverse the trial court’s
order and allow him to proceed as indigent.  We dismiss the appeal for lack of
jurisdiction because no final judgment or appealable order exists in this case.


Background

In June 2008, Aguilar,
acting pro se, sued Texas La Fiesta Auto Sales and Patrick Miller, alleging
that they provided inaccurate credit information to consumer credit reporting
agencies, which caused Aguilar financial injury.  Aguilar filed an affidavit to
proceed as indigent in the trial court.  The district clerk contested Aguilar’s
affidavit, contending that Aguilar failed to meet the statutory requirements of
Texas Rule of Civil Procedure 145.  See Tex. R. Civ. P. 145.  The trial court sustained the district
clerk’s contest to Aguilar’s affidavit, finding that it was defective.  Aguilar
filed a notice of appeal, and the district clerk again contested Aguilar’s
affidavit of indigency.  The trial court again sustained the district clerk’s
contest. 

Aguilar appealed, asking
this court to reverse the trial court’s denial and allow him to proceed as
indigent on appeal.  On August 26, 2008, we held that, under Rule 20.1,
Aguilar’s affidavit did not contain any apparent defects in substance, and that
a trial court’s ruling based solely on a defect of form cannot be sustained
under the Texas Supreme Court’s ruling in Higgins v. Randall County Sheriff’s
Office, 257 S.W.3d 684, 688 (Tex. 2008).  On September 9, 2008, after
reviewing the district clerk’s contest, we determined that the district clerk’s
grounds for objection were insufficient to sustain the contest to Aguilar’s
affidavit.  The district clerk objected to Aguilar’s affidavit on the grounds
that it did not state (1) the costs and filing fees, if any, and (2) the amount
that Aguilar could pay.  We ruled that under Texas Rule of Appellate Procedure
20.1, Aguilar fulfilled the requirements of stating an estimate of the costs
and that he was unable to pay them.  Aguilar’s affidavit also contained monthly
debt and income information for his household, which indicated that the family’s
debt load exceeded their income, supporting his contention that he cannot pay
court costs.  Thus, we concluded that the affidavit substantially satisfied the
requirements of Rule 20.1, allowing Aguilar to proceed on appeal without
advance payment of costs.

Discussion

          Aguilar now attempts to
appeal the trial court’s order denying his affidavit of indigency at the trial
court level.  More specifically, Aguilar contends that the portion of the trial
court’s order requiring the district clerk not to process any settings in
Aguilar’s case until he paid the full filing fees and costs incurred in the
process of the case constitutes a denial of access to the courts in violation
of the state and federal constitution.  

The general rule, with a
few exceptions, is that an appeal may be taken only from a final judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may
be appealed only if allowed by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352 (Tex. 2001).  The trial court’s order sustaining the contest to
Aguilar’s affidavit of indigency is an interlocutory order which is not
included in the list of orders made appealable by statute.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a) (Vernon 2008).  We thus lack subject-matter jurisdiction over
the interlocutory indigency order that Aguilar appeals.  See Kilsby v. Mid
Century Ins. Co. of Tex., No. 14-07-00981-CV, 2008 WL 889428, at *1 (Tex.
App.—Houston [14th Dist.] Apr. 3, 2008, no pet.) (memo. op.) (dismissing appeal
of interlocutory order sustaining challenge to affidavit of inability to pay
costs); see also In re K.J.M., No. 02-08-038-CV, 2008 WL 703960, at *1
(Tex. App.—Fort Worth March 13, 2008, no pet.) (memo. op.) (dismissing appeal
of interlocutory order sustaining challenge to indigency affidavit and denying
appointment of counsel to represent appellant in habeas challenge to order of
contempt in child-support-enforcement action).[1]

Conclusion

Aguilar complains of no
final judgment or appealable order.  We thus dismiss Aguilar’s appeal for lack
of jurisdiction.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Keyes,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.4

 









[1] We express no opinion about whether the trial court’s
order is reviewable by petition for a writ of mandamus.  See Tex. R. App. P. 52.