

# Fourth Court of Appeals
## San Antonio, Texas

January 23, 2014

No. 04-13-00725-CV

David Allan **EDWARDS**,
Appellant

v.

**COUNTY OF ATASCOSA,**
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-02-0185-CVA-A
Honorable Thomas F. Lee, Judge Presiding

# O R D E R

Appellant David Allan Edwards, an inmate acting pro se, filed a notice of appeal in the trial court on October 16, 2013. In his notice of appeal, Appellant stated that he is currently incarcerated and indigent. On December 31, 2013, we ordered Appellant to file (1) a separate affidavit listing the previous pro se actions he has brought and (2) a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2013). On January 8, 2014, Appellant filed his response to our December 31, 2013 order; the order is satisfied.

Appellant also asserts he is indigent and cannot pay the costs of this appeal. An appellant who cannot pay the costs of an appeal must file an affidavit of indigence "in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1); *see Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008). Appellant's affidavit was due in the trial court not later than October 16, 2013, the date the notice of appeal was filed, or a motion for extension of time to file the affidavit was due in this court fifteen days later, on October 31, 2013. *See id.* R. 20.1(c)(1), (3). Appellant filed his affidavit of indigence in this appeal with this court on December 20, 2013. Our record does not show Appellant timely filed an affidavit of indigence with the trial court; however, an untimely, uncontested affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008).

Accordingly, the clerk of this court is DIRECTED to forward a copy of Appellant's affidavit to the trial court clerk for filing in that court.

This appeal is ABATED, and the trial court clerk, court reporter, or any party can file a contest to the affidavit *in the trial court* in accordance with Rule 20.1(e) within TEN DAYS from the date of this order. *See* TEX. R. APP. P. 20.1(e) (requiring persons to file any contest to the affidavit "in the court in which the affidavit was filed"). If a contest is timely filed, the trial court is ORDERED to proceed in accordance with Rule 20.1(i). *See id.* R. 20.1(i).

If no contest is filed or if a contest is overruled, the trial court is ORDERED to determine whether or not the appeal is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002).

The trial court clerk is ORDERED to file a supplemental clerk's record containing all filings and orders relating to the affidavit of indigence no later than (1) TWENTY DAYS from the date of this order if no timely contest is filed, or (2) FORTY-FIVE days from the date of this order if a timely contest to the affidavit is filed. In the event a contest is filed, the court reporter responsible for transcribing the record of the hearing on the contest is ORDERED to file a reporter's record from the hearing no later than FORTY-FIVE days from the date of this order.

The clerk of this court is DIRECTED to send a copy of this order and a copy of the affidavit to the parties, the trial court clerk, the court reporter, and the trial court judge. *See* TEX. R. APP. P. 20.1(d)(2).

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of January, 2014.

_____
Keith E. Hottle
Clerk of Court