

# Fourth Court of Appeals
## San Antonio, Texas

February 5, 2014

No. 04-13-00903-CV

John Edward **SOTO** II AKA Jonathan Herrasti,
Appellant

v.

Penelope Jo **SOTO**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-00460
Honorable Karen H. Pozza, Judge Presiding

## O R D E R

The trial court clerk has filed a notification of late record, stating that the appellant has failed to pay or make arrangements to pay the fee for preparing the clerk's record. Thus, on January 17, 2014, we ordered appellant to provide written proof that either (1) the clerk's fee had been paid or arrangements had been made to pay the clerk's fee; or (2) appellant was entitled to appeal without paying the clerk's fee. In response, appellant has filed a declaration of inability to pay costs. *See Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). We, therefore, ABATE this appeal and REMAND the cause to the trial court. *See id.*

We ORDER that pursuant to Texas Rule of Appellate Procedure 20.1(e), the trial court clerk, the court reporter, or any party to this cause must challenge appellant's claim of indigence by filing a contest to appellant's declaration of inability to pay costs in the trial court **within 10 days** from the date of this order. *See* TEX. R. APP. P. 20.1(e).

If a contest is timely filed, we ORDER the trial court to conduct a hearing or sign an order extending the time to conduct a hearing within 10 days after any contest is filed. *See* TEX. R. APP. P. 20.1(i)(2)(B) ("The trial court must either conduct a hearing or sign an order extending the time to conduct a hearing . . . within 10 days after the trial court received a contest referred from the appellate court."). However, the trial court may not order the time for conducting a hearing on a contest to be extended for more than 20 days from the date the order is signed. *See* TEX. R. APP. P. 20.1(i)(3).

If a contest is timely filed, we ORDER the trial court, within 40 days from the date of this order, to prepare a written order and written findings of fact and conclusions of law regarding its indigence determination. We further ORDER the trial court clerk, as soon as practicable but in no event later than 60 days from the date of this order, to file a supplemental clerk's record, containing (1) the contest; (2) the trial court's order; (3) the trial court's findings of fact and conclusions of law; (4) the judgment being appealed; (5) any post-judgment motions; (6) the notice of appeal; and (7) the court's docket sheet. And, we ORDER the court reporter to prepare and file the reporter's record of the trial court's hearing as soon as practicable but in no event later than 60 days from the date of this order.

If no contest is filed or a contest is filed untimely, we ORDER the trial court clerk to file a supplemental clerk's record containing a certificate that states either no contest was filed or a contest was filed untimely within 20 days from the date of this order.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court