

# Fourth Court of Appeals
## San Antonio, Texas

January 13, 2015

No. 04-14-00785-CV

Mary Ann **CASTRO**,
Appellant

v.

Manuel **CASTRO**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15957
Honorable Janet P. Littlejohn, Judge Presiding

# O R D E R

On November 7, 2014, appellant filed a notice of appeal from the trial court's October 13, 2014 judgment. On December 29, 2014, after her trial attorney was permitted to withdraw, appellant filed an affidavit of indigency in this court. It appears appellant did not file her affidavit in the trial court.

A party who cannot pay the costs of an appeal must file an affidavit of indigence "in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). Appellant's affidavit was therefore due in the trial court on November 7, 2014, the date the notice of appeal was filed, or a motion for extension of time to file the affidavit was due in this court fifteen days later, on November 24, 2014 — the actual fifteenth day, the twenty-second of November, was a Saturday. *See id.* R. 20.1(c)(1), (3).

We construed the affidavit filed in this court as a motion for extension of time to file the affidavit in the trial court. Although the affidavit was filed outside the fifteen-day deadline set forth in Rule 20.1(3), we noted that an untimely affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). Accordingly, we granted appellant's motion to extend time to file an affidavit of inability to pay costs. We then ordered the clerk of this court to send copies of the affidavit and this order to the district clerk, the court reporter, and all parties. *See* TEX. R. APP. P. 20.1(d)(2).

We further ordered any party who desired to file a contest to appellant's affidavit of indigence to file said contest in this court on or before January 9, 2015. *See id.* R. 20.1(e)(1).

Appellee filed a timely contest to appellant's affidavit of indigency. Accordingly, appellant must prove the allegations in her affidavit. *See id.* R. 20.1(g)(1). Accordingly, we **ORDER** this appeal **ABATED** and remand the matter to the trial court to hear evidence regarding appellant's indigency and the contest filed in this court by appellee and grant appropriate relief. *See id.* R. 20.1(h)(4). We **ORDER** the trial court to set a hearing and notify the parties and the appropriate court reporter of the setting. *See id.* R. 20.1(i)(1). We further **ORDER** the trial court to conduct the hearing, or sign an order extending the time to conduct a hearing, ***within ten days of the date of this order***. *See id.* R. 20.1(i)(2)(B).

Appellant is advised that if she disagrees with the trial court's order, if any, she must file a motion in this court on or before ten days from the date of the trial court's order seeking review of the trial court's order. *See id.* R. 20.1(j)(1), (2).

We **order** the clerk of this court to serve this order on appellant, all counsel, the district court clerk, the court reporter and the trial court. All other appellate deadlines are suspended until further order of this court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of January, 2015.

_____
Keith E. Hottle
Clerk of Court