# Fourth Court of Appeals
## San Antonio, Texas


February 17, 2015

No. 04-15-00037-CV

James W. **MYART**, Jr.,
Appellant

v.

Deborah **MURDOCK**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 2015CV00334
Honorable Jason W. Wolff, Judge Presiding

# O R D E R

James Myart filed a pro se notice of appeal from the trial court's judgment signed January 23, 2015. Myart also filed an affidavit of indigence in this court. Appellee Deborah Murdock has timely filed a contest to the affidavit of indigence.

We **abate** this appeal and refer the contest to the trial court. *See* TEX. R. APP. P. 20.1(h)(4). We **order** the trial court to conduct a hearing or sign an order extending the time to conduct a hearing within 10 days of this order. *See* TEX. R. APP. P. 20.1(i)(2)(B). However, the trial court may not order the time for conducting a hearing on a contest to be extended for more than 20 days from the date the order is signed. *See* TEX. R. APP. P. 20.1(i)(3). Furthermore, the trial court must notify the parties and the appropriate court reporter of the setting. *See* TEX. R. APP. P. 20.1(i)(1).

Myart has the burden to prove at the hearing that he is indigent and unable to pay costs. TEX. R. APP. P. 20.1(g)(1); *see* TEX. R. APP. P. 20.1(b) (enumerating the types of financial information that may be relevant and helpful to a court evaluating a contested claim of indigence); *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). However, the allegation of indigence will be deemed true if the trial court does not sign an order sustaining the contest within the period set for the hearing. TEX. R. APP. P. 20.1(i)(4).

We further **order** the trial court to make findings of fact and conclusions of law regarding its indigence determination. We **order** the trial court clerk to file, **within three days of the trial court's order,** a clerk's record, containing (1) all filings relating to the contest; (2) the trial

court's notice of the date and time set for the hearing and any order extending the time for the hearing; (3) the trial court's order on the contest and its findings of fact and conclusions of law; (4) the judgment being appealed; (5) any post-judgment motions; (6) the notice of appeal; and (7) the court's docket sheet.

If the trial court sustains the contest, Myart may seek review of the trial court's order by filing a motion challenging the order. TEX. R. APP. P. 20.1(j). The motion must be filed in this court **within ten days** after the order sustaining the contest is signed. *Id.* If Myart timely files such a motion the court reporter must prepare and file a reporter's record of the trial court's hearing **within three days** after the motion is filed. TEX. R. APP. P. 20.1(j)(3).

We **order** the clerk of this court to serve this order on the parties, the trial court clerk, the court reporter, and the trial court judge. All other appellate deadlines are suspended until further order of this court.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of February, 2015.

Keith E. Hottle
Clerk of Court