

# Fourth Court of Appeals
## San Antonio, Texas

May 25, 2016

No. 04-16-00143-CV

John **CANO**,
Appellant

v.

Briana **CANO**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-08021
Honorable John D. Gabriel, Jr., Judge Presiding

# O R D E R

On March 22, 2016, appellant John Cano filed a notice of restricted appeal from the trial court's judgment dated January 13, 2016. Due to appellant's failure to file a docketing statement or pay the filing fee, this Court ordered appellant to show cause in writing within ten days that either: (1) the filing fee has been paid; or (2) appellant is entitled to appeal without paying the filing fee. Appellant filed an affidavit of inability to pay costs in this court; however, it appears appellant did not file his affidavit in the trial court. *See* TEX. R. APP. P. 5, 20.1.

We construed the affidavit filed in this court as a motion for extension of time to file the affidavit in the trial court. Although the affidavit was filed outside the fifteen-day deadline set forth in Rule 20.1(3), an untimely affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008); *See* TEX. R. APP. P. 20.1(c)(1),(3). Accordingly, on May 12, 2016, we issued an order granting the motion to extend time to file an affidavit of inability to pay costs and ordering the clerk of this court to send copies of the affidavit and this order to the trial court clerk, the court reporter, and all parties. *See* TEX. R. APP. P. 20.1(d)(2). We further ordered the deadline for filing a contest to the affidavit of indigence as May 23, 2016. Appellee, Briana Cano, filed a timely contest to Appellant's indigence.

Therefore, we abate this appeal and refer the matter to the trial court to hear evidence and grant the appropriate relief. *See* TEX. R. APP. P. 20.1(h). The trial court must also either conduct a hearing or sign an order extending the time to conduct a hearing within 10 days after the date of this order. *See* TEX. R. APP. P. 20.1(i). The trial court must determine whether appellant has satisfied his burden of proof to establish indigence. The trial court must also determine whether

or not the appeal is frivolous and whether or not the clerk's and reporter's records are needed to decide the issue presented by the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003. Unless the trial court, within the period set for the hearing, signs an order sustaining the contest, the allegations in John Cano's affidavit will be deemed true, and he will be allowed to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(i)(4).

We ORDER the trial court clerk to file a supplemental clerk's record within ten days of the trial court's hearing containing the following the trial court's order. We ORDER the court reporter to file a reporter's record of the hearing within ten days of the hearing.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of May, 2016.

_____
Keith E. Hottle
Clerk of Court