

# Fourth Court of Appeals
## San Antonio, Texas

August 17, 2016

No. 04-16-00440-CV

Samuel C. **PERKINS**,
Appellant

v.

Barbara J. **PETITE**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI02994
Honorable Solomon Casseb, III, Judge Presiding

## O R D E R

Appellant Samuel L. Perkins filed a notice of appeal with this court on July 5, 2016. On July 29, 2016, we advised Appellant that the appellate filing fees have not been paid, and we ordered Appellant to show cause in writing that the filing fee has been paid or that he is entitled to appeal without paying the filing fees. On August 8, 2016, Appellant filed his response. He states he is an inmate acting pro se and cannot afford to pay the costs of his appeal. We construe his response as an assertion of indigence, but it was not a timely filed affidavit of indigence.

A party who cannot pay the costs of an appeal must file an affidavit of indigence "in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). Appellant's affidavit was therefore due in the trial court on July 5, 2016, the date the notice of appeal was filed, or a motion for extension of time to file the affidavit was due in this court fifteen days later, on July 20, 2016. *See id.* R. 20.1(c)(1), (3). Appellant apparently never filed an affidavit with the trial court; however, an untimely, uncontested affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008). Accordingly, we DIRECT the clerk of this court to forward a copy of Appellant's response to the trial court clerk for filing in that court.

This appeal is ABATED, and the trial court clerk, court reporter, or any party can file a contest to the affidavit in accordance with Rule 20.1(e) within TEN DAYS from the date of this order. *See* TEX. R. APP. P. 20.1(e). If a contest is timely filed, the trial court is ORDERED to

proceed in accordance with Rule 20.1(i). *See id.* R. 20.1(i). If no contest is filed or if a contest is overruled, the trial court is ORDERED to determine whether or not the appeal is frivolous in accordance with section 14.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002).

The trial court clerk is ORDERED to file a supplemental clerk's record containing all filings and orders relating to the affidavit of indigence no later than (1) TWENTY DAYS from the date of this order if no timely contest is filed, or (2) FORTY-FIVE DAYS from the date of this order if a timely contest to the affidavit is filed. In the event a contest is filed, the court reporter responsible for transcribing the record of the hearing on the contest is ORDERED to file a reporter's record from the hearing no later than FORTY-FIVE DAYS from the date of this order.

The clerk of this court is ORDERED to send a copy of this order and a copy of the affidavit to the parties, the trial court clerk, the court reporter, and the trial court judge. *See* TEX. R. APP. P. 20.1(d)(2).

All other appellate deadlines are SUSPENDED pending further order of this court.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of August, 2016.

Keith E. Hottle
Clerk of Court