NOS. 12-19-00352-CV
12-19-00359-CV
12-20-00070-CV
12-20-00071-CV

# IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *PHILIP J. EMERSON, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JERRY E. PARKER,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### *PER CURIAM ORDER*

Philip J. Emerson, Jr., acting pro se, is the Appellant in cause numbers 12-19-00352-CV and 12-19-00359-CV and the Relator in cause numbers 12-20-00070-CV and 12-20-00071-CV. Emerson filed a statement of inability to afford payment of court costs or appeal bond, to which the Wood County District Clerk Donna Huston and the Court Reporter filed contests. After a hearing, the Honorable Lauren Parish, Senior Judge of the 115th District Court in Upshur County, Texas concluded that Emerson has the ability to afford court costs. Emerson filed a motion challenging the order.[1] We deny Emerson's request to proceed without costs.

### BACKGROUND

In his statement of inability, filed on November 14, 2019, Emerson states that he is not represented by legal aid, does not receive needs-based public benefits, and has no monthly income. He identified the following property: $150 cash, $1 in his Comerica account, $34 in his Ally Bank

---

[1] Emerson also filed a contest with the Texarkana Court of Appeals in trial court cause number 2019-680. The proceedings in this Court deal with trial court cause numbers 2012-626A and 2019-327.

account, a 2014 Ford F250 valued at $25,000, and "lots" in Holly Lake Ranch valued at $400, for a total of $25,585 in property. He identified $3,351 in monthly expenses and student loan debt of $215,000.

On March 12, 2020, Judge Parish conducted a hearing on Emerson's statement of inability.[2] Huston testified that the record costs $22,679. She further testified that, in contrast to Emerson's statement, the Wood County Appraisal District valued his Holly Lake Ranch lots at $1,000 each. She testified that Emerson also failed to include the value of a mobile home that he owned and that documents he previously filed indicated that he owned six lots in Holly Lake Ranch. Emerson testified that he sold some of his lots and that he purchased two lots with a mobile home for $110.

Huston also testified that, despite Emerson's claim of no monthly income, a statement from Ally Bank reflects a deposit of $306, several wire transfers in excess of $7,000, several e-file payments, liquor store charges, and charges to nail salons. Huston testified that in other documents Emerson filed, he claimed to have earned over $200,000 in four months in 2017, earned over $220,000 at his previous job in less than four months, and in January 2020, he worked for a local attorney at a billable rate of $75 per hour. In yet another document, Emerson stated that he completed an accounting degree program and attended law school. And in an open records request, Emerson stated his willingness to pay reasonable costs for a copy of the records.

Emerson testified that he obtained an accounting degree in May 2016, attended Saint Mary's Law School from August 2016 through December 2018, but has not graduated, and has an insurance adjuster's license. He also testified to working for an attorney, sometimes earning $75 per hour. He admitted earning a "little bit" of money, but not enough to cover his expenses. Emerson seemed to indicate that four criminal mischief charges filed against him inhibited his ability to find employment. However, he informed Judge Parish that he did not have any evidence to show that he sought employment and was unable to find employment. Emerson further admitted to not seeking employment in another field, such as a store clerk. He explained that he had been relying on retirement money. Nor has he consulted his law school professors about employment. He testified to filing tax returns but admitted not providing those to the court. Emerson stated that he owns furniture, lives at Holly Lake Ranch where he resides in his mother's trailer, and has no

---

[2] Judge Parish was assigned after the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas, signed orders of recusal.

vehicle. He told Judge Parish that he had no other evidence in his accounts that would show he had no funds.

Judge Parish found that Emerson has the ability to afford payment of court costs in the multiple lawsuits he has filed. She made several findings, which we summarize as follows:

1. Emerson filed multiple lawsuits in the 402nd District Court, each alleging similar incidents against the same or similar defendants. The pleadings filed by Emerson in each lawsuit are extremely and unusually voluminous, containing hundreds and hundreds of pages.
2. It appears to the court that Emerson is intentionally running up the costs in these cases due to the voluminous pleadings which are either redundant or unnecessary to pursue any of his causes of action.
3. Emerson paid $1,915 in court costs in another of his lawsuits in the 402nd District Court in 2019 with no claim of inability to pay costs.
4. Emerson has an accounting degree.
5. Emerson attended law school but is not licensed to practice law.
6. Emerson has done and continues to do research and appellate work for attorney Eric Platten at a rate of $75 per hour, a fact he did not include in his sworn affidavit of inability to pay costs.
7. Emerson has worked as a federal flood adjuster and is still qualified to perform such work.
8. Emerson earned $200,000 within a four-month period in 2017.
9. Between July and October of 2019, Emerson made wire transfers from his "Ally" bank account. $5,732.41 was transferred on July 2, 2019 and $1,162.07 was transferred on August 9, 2019. These transfers also appear on Emerson's "Fidelity Investment" records.
10. The "Fidelity Investments" records also reflect a $9,549.54 wire transfer on April 17, 2019 and a $5,773.13 wire transfer on May 15, 2019.
11. The record is unclear as to the origin or disposition of these funds, but it is clear that Emerson had access to substantial funds during this period of time.
12. Emerson claims to have minimal balances in his "Ally" account. No evidence of his current balance has been offered. Evidence from the "Fidelity Investments" account establishes large sums of money going into and out of the account. The burden to show a lack of funds rests solely on Emerson. Emerson failed to meet that burden. Thus, the inference weighs against a finding of inability to pay.
13. Emerson has further shown his "ability" to make payments of $1,718.46 and $1,313.28 on July 3, 2019 in AMEX payments, $85.00 on July 9, 2019 to "Nails by Amy," and $107.00 on August 26, 2019 to "Hollywood Nails." Emerson chose to make such expenditures while refusing to pay the court costs associated with the filing of his numerous lawsuits.
14. Emerson owns four lots in Holly Lake Ranch Subdivision, which are valued at $1,000 each by the Wood County Appraisal District. Emerson undervalued these lots in his sworn statement, claiming each is valued at $400.

Based on these findings, Judge Parish concluded that Emerson either possesses the "monetary resources available to pay the court costs associated with his multiple, voluminous lawsuits or has the earning capacity to pay these costs."

## ANALYSIS

A party who is not excused by statute or the appellate rules from paying costs, i.e., filing fees charged by the appellate court, must pay--at the time an item is presented for filing--whatever

fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5, 20.1(a). A party who filed a statement of inability in the trial court is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence. TEX. R. APP. P. 20.1(b)(1). A party who files a statement of inability cannot be required to pay costs, such as fees charged by the clerk or court reporter for preparation of the appellate record, except by order of the court. TEX. R. CIV. P. 145(a), (c). The declarant may not be required to pay costs without an oral evidentiary hearing, and the declarant bears the burden of providing evidence of his inability to afford costs. TEX. R. CIV. P. 145(f)(5). If an appellate court denies a party's request to proceed without payment of costs, it must do so in a written order. TEX. R. APP. P. 20.1(c).

The test for determining indigence is whether the entire record shows by a preponderance of the evidence that the applicant would be unable to pay costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so. *Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008). Several reasons lead us to conclude that Judge Parish properly determined that Emerson has the ability to pay court costs.

First, the record does not demonstrate that Emerson is unable to obtain employment. Emerson's Ally Bank statement, printed in November 2019, reflected a balance of $19.60. Nevertheless, because Emerson possesses an accounting degree and adjusters license, and has some law school education, it is reasonable to conclude that he is more than capable of obtaining some type of employment to generate monthly income. The record indicates that he has earned substantial sums in the past and he admitted recently working for an attorney. Emerson further admitted that he has not even attempted to obtain employment outside of his qualified areas, such as a store clerk. Due to his earning potential, there is no reason to believe that Emerson could not at least pay for the record over time. A trial court does not abuse its discretion in sustaining a contest to an affidavit of inability to pay when the record shows a party has the ability to earn money through future employment. *In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.).

Second, the record suggests that Emerson was not entirely forthcoming in his statement of inability. As recently as January 2020, he earned money in exchange for legal work performed, yet he included no income on his statement of inability. His Ally Bank statement reflects thousands of dollars in wire transfers and payments with no explanation as to their source. The record also contains evidence that Emerson undervalued the lots he owns in Holly Lake Ranch by

4

$600 and the record is not entirely clear as to how many lots he actually owns. And despite representing in his statement that he owns a vehicle, he testified at the hearing that he does not own a vehicle. A trial court has great latitude in believing or disbelieving a witness's testimony, particularly when the witness is interested in the outcome. *In re Jane Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000). Judge Parish was entitled to question Emerson's credibility.

Third, the record does not demonstrate that Emerson has made any effort to pay for the record. In addition to the large, unexplained transfers reflected on Emerson's bank statements, the Ally Bank statement shows nearly $200 worth of payments to nail salons that could have been paid toward court costs. And in addition to his real estate lots, Emerson acknowledged having a computer, furniture, and a mobile home. A party's failure to use assets that could be used to provide funds for paying the record constitutes the opposite of a good faith effort. *In Interest of T.J.S.*, No. 05-15-00138-CV, 2015 WL 1038948, at *1 (Tex. App.—Dallas Mar. 9, 2015, no pet.) (mem. op.). If a party owns valuable property which he could dispose of and thereby secure the necessary funds without depriving himself or his family of the necessities of life, he should be required to pay the costs. *Id*. Emerson offered no evidence to demonstrate that he attempted to use any assets to obtain funds for court costs, that he was unable to do so, or that doing so would deprive himself or his family of any necessities. Nor does the record demonstrate that Emerson attempted to obtain or would be unable to obtain a loan for purposes of paying court costs. A person's failure to make a real attempt to obtain or find assets that could be used to provide funds for paying for the appellate record constitutes evidence that a good-faith effort has not been made, and the trial court does not abuse its discretion in sustaining a contest based on such evidence. *J.P.N.*, 2018 WL 626526, at *1.

Fourth, Emerson is largely responsible for the size of the record. As Judge Parish noted in her order, many of the documents that Emerson files are voluminous and/or redundant. For example, in cause number 2012-626A, Emerson filed a partial motion for summary judgment that consumes two whole volumes of the clerk's record, over six-hundred pages. The supplemental clerks record consists of eleven volumes and thousands of pages. Of the many proceedings Emerson has filed with this Court, most if not all, contain lengthy pleadings and appendices,

5

including the four proceedings at issue.[3] And until recently, Emerson paid court costs as required without any claim of indigency.

For the foregoing reasons, we conclude that Emerson failed to meet his burden of providing evidence of his inability to afford costs. *See* TEX. R. CIV. P. 145(f)(5). Judge Parish could reasonably conclude that the record as a whole shows that Emerson is capable of paying costs, or a part thereof, or giving security therefor, if he really wanted to and that he did not make a good-faith effort to do so. *See Higgins*, 257 S.W.3d at 686.

Accordingly,

We **DENY** Emerson's request to proceed without payment of costs. *See* TEX. R. APP. P. 20.1(c).

It is ORDERED that Emerson shall pay the filing fee in cause number **12-19-00352-CV on or before April 15, 2020**.[4] Failure to remit the filing fee **on or before April 15, 2020** will result in the Court's taking appropriate action, including dismissal of the appeals without further notice. *See* TEX. R. APP. P. 42.3(c).

It is ORDERED that Emerson shall pay the filing fee in cause number **12-19-00359-CV on or before April 15, 2020**. Failure to remit the filing fee **on or before April 15, 2020**, will result in the Court's taking appropriate action, including dismissal of the appeal without further notice. *See* TEX. R. APP. P. 42.3(c).

---

[3] *See In re Emerson*, No. 12-19-00320-CV, 2019 WL 5258062 (Tex. App.—Tyler Oct. 17, 2019, orig. proceeding) (mem. op.) (denying petition for writ of mandamus); *see also In re Emerson*, No. 12-19-00316-CV, 2019 WL 5258064 (Tex. App.—Tyler Oct. 17, 2019, orig. proceeding) (mem. op.) (same); *In re Emerson*, No. 12-19-00050-CV, 2019 WL 1141874 (Tex. App.—Tyler Mar. 12, 2019, orig. proceeding) (mem. op.) (same); *In re Emerson*, No. 12-19-00049-CV, 2019 WL 1141767 (Tex. App.—Tyler Mar. 12, 2019, orig. proceeding) (same); *In re Emerson*, No. 12-18-00350-CV, 2018 WL 6715874 (Tex. App.—Tyler Dec. 21, 2018, orig. proceeding) (mem. op.) (same); *Emerson v. Ritchey*, No. 12-12-00181-CV, 2012 WL 2345193 (Tex. App.—Tyler June 20, 2012, no pet.) (mem. op.) (dismissed for want of jurisdiction). Emerson has also filed proceedings with the Texas Supreme Court, the Texas Court of Criminal Appeals, and the Sixth Court of Appeals. *See In re Emerson*, No. 20-0220 (pending petition for writ of mandamus related to appellate cause number 12-20-00071-CV); *see also In re Emerson*, No. 18-1216 (Tex. Jan. 11, 2019) (denying petition for writ of mandamus related to appellate cause number 12-18-00350-CV); *In re Emerson*, No. 18-1120 (Tex. Dec. 14, 2018) (denying petition for writ of mandamus related to appellate cause number 06-18-00078-CV); *In re Emerson*, WR-89,977-01 (Tex. Crim. App. July 3, 2019) (denying motion for leave to file petition for writ of mandamus); *Emerson v. State*, PD-0787-16 (Tex. Crim. App. Sept. 21, 2016) (refusing petition for discretionary review); *In re Emerson*, No. 06-19-00067-CV, 2019 WL 3756231 (Tex. App.—Texarkana Aug. 9, 2019, orig. proceeding) (denying petition for writ of mandamus); *In re Emerson*, No. 06-18-00078-CV, 2018 WL 5091807 (Tex. App.—Texarkana Oct. 19, 2018, orig. proceeding) (denying petition for writ of mandamus).

[4] The Appellees paid for the record in appellate cause number 12-19-000352-CV (trial court cause number 2012-626A) and Emerson filed his brief on March 25, 2020. Because the record has been filed and paid for in cause number 12-19-00352-CV, this Order does not address payment for those records.

6

It is FURTHER ORDERED that, because this Court severed the mandamus proceeding into two civil cause numbers, Emerson shall pay only one filing fee for cause numbers **12-20-00070-CV** and **12-20-00071-CV on or before April 15, 2020**.[5] Failure to remit the filing fee **on or before April 15, 2020**, will result in the Court's taking appropriate action, including dismissal of the mandamus proceedings without further notice. *See* TEX. R. APP. P. 42.3(c).

It is FURTHER ORDERED that Emerson shall pay or make arrangements to pay for preparation of the clerk's record in appellate cause number **12-19-00359-CV on or before April 20, 2020**. Failure to pay or make arrangements to pay, along with proof of full payment or arrangements to pay, will result in this appeal being dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

It is FURTHER ORDERED that, in the event Emerson timely pays or makes arrangements to pay for the clerk's record in cause number **12-19-00359-CV** in accordance with this order, the clerk's record shall be filed **on or before April 27, 2020**.

It is FURTHER ORDERED that Emerson shall pay or make arrangements to pay for preparation of the reporter's record in cause number **12-19-00359-CV on or before April 20, 2020**. Failure to pay or make arrangements to pay, along with proof of full payment or arrangements to pay, will result in this appeal being submitted without a reporter's record. *See* TEX. R. APP. P. 37.3(c).

It is FURTHER ORDERED that, in the event Emerson timely pays or makes arrangements to pay for the reporter's record in cause number **12-19-00359-CV** in accordance with this order, the reporter's record shall be filed **on or before April 30, 2020**.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 8th day of April 2020, A.D.

---

[5] Emerson filed a single petition that addressed numerous respondents and trial court proceedings, both civil and criminal. This Court severed the petition into two civil cause numbers and two criminal cause numbers.

7



KATRINAMCCLENNY, CLERK
12th Court of Appeals

By: _Katrina McClenny_

8