

# Fourth Court of Appeals
## San Antonio, Texas

June 11, 2014

No. 04-14-00265-CV

John **DONOHUE**,
Appellant

v.

Martha **DONOHUE**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CI19573
Honorable David A. Canales, Judge Presiding

## O R D E R

On April 21, 2014, appellant filed a notice of appeal from the trial court's October 8, 2013 judgment.[1]  On May 13, 2014, appellant filed an affidavit of inability to pay costs in this court.  Appellant did not file his affidavit in the trial court.  We construed the affidavit filed in this court as a motion for extension of time to file the affidavit in the trial court.  Although the affidavit was filed outside the fifteen-day deadline set forth in Rule 20.1(3), an untimely affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). Accordingly, we granted the motion to extend time to file an affidavit of inability to pay costs.

As a result, we ordered the clerk of this court to send copies of the affidavit and this order to the district clerk, the court reporter, and all parties.  *See* TEX. R. APP. P. 20.1(d)(2).  We further ordered that if the clerk or the court reporter intended to file a contest to the affidavit of indigence, they were required to file such contest in this court on or before May 27, 2014.  No contest was filed.  Accordingly, in the absence of a contest, appellant is presumed indigent.

On May 23, 2014, the court report filed a notice of late record in which she stated the reporter's record was not filed because appellant had not requested the record and she was unaware of whether a record is necessary for appeal.  This court has received correspondence

---

[1] A motion to extension of time to file the notice of appeal is pending.  This court is waiting for the clerk's record to be filed prior to ruling on the extension.

from appellant indicating he does desire to have the reporter's record, if any, filed in this court. As noted above, appellant is now presumed indigent, and therefore, appellant is entitled to the reporter's record without payment for same.

Accordingly, we **ORDER** the court reporter, L. Kayleen Rivera, to file the reporter's record in this court on or before July 11, 2014. We remind the reporter appellant is entitled to the record without payment for same. If no record was taken, we ORDER the court reporter, L. Kayleen Rivera, to file a letter in this court stating no record was taken on or before **June 23, 2014**.

We **order** the clerk of this court to serve a copy of this order on all parties, all counsel, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of June, 2014.

_____
Keith E. Hottle
Clerk of Court