# Fourth Court of Appeals
## San Antonio, Texas


June 27, 2014

No. 04-14-00319-CV

Burton **KAHN**,
Appellant

v.

**HELVETIA ASSET RECOVERY INC**.,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18355
Honorable Martha B. Tanner, Judge Presiding

# O R D E R

Pro se appellant Burton Kahn filed a notice of appeal on May 1, 2014. After the district clerk notified this court that Appellant has not paid for the record, on June 20, 2014, we ordered Appellant to provide written proof to this court that Appellant has paid for the record or Appellant is entitled to appeal without paying for the clerk's record. On June 25, 2014, Appellant filed an affidavit of inability to pay costs.

A party who cannot pay the costs of an appeal must file an affidavit of indigence "*in the trial court* with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1) (emphasis added).

The clerk's record has not yet been filed in this case. However, even if Appellant filed an affidavit of indigence with the trial court before it issued its final judgment, "[a] prior filing of an affidavit of indigence in the trial court pursuant to Texas Rule of Civil Procedure 145 does not meet the requirements of this rule, which requires a separate affidavit and proof of current indigence." *See id.*

Appellant's affidavit was due in the trial court on May 1, 2014, the date the notice of appeal was filed. *See id.* R. 20.1(c)(1), (3). However, an untimely, uncontested affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *See Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008).

This appeal is ABATED, and the trial court clerk, court reporter, or any party can file a contest to the affidavit *in the trial court* in accordance with Rule 20.1(e) within TEN DAYS

from the date of this order. *See* TEX. R. APP. P. 20.1(e) (requiring persons to file any contest to the affidavit "in the court in which the affidavit was filed"). If a contest is timely filed, the trial court is ORDERED to proceed in accordance with Rule 20.1(i). *See id.* R. 20.1(i).

If no contest is filed or if a contest is overruled, the trial court is ORDERED to determine whether or not the appeal is frivolous in accordance with section 13.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002).

The trial court clerk is ORDERED to file a supplemental clerk's record containing all filings and orders relating to the affidavit of indigence no later than (1) TWENTY DAYS from the date of this order if no timely contest is filed, or (2) FORTY-FIVE DAYS from the date of this order if a timely contest to the affidavit is filed. In the event a contest is filed, the court reporter responsible for transcribing the record of the hearing on the contest is ORDERED to file a reporter's record from the hearing no later than FORTY-FIVE DAYS from the date of this order.

The clerk of this court is DIRECTED to send a copy of this order and a copy of the affidavit to the parties, the trial court clerk, the court reporter, and the trial court judge. *See* TEX. R. APP. P. 20.1(d)(2).

All other appellate deadlines are SUSPENDED pending further order of this court.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of June, 2014.

Keith E. Hottle
Clerk of Court