**Linda SPROWL and Jennifer Michelle Sprowl, Petitioners,**

v.

**George Martin PAYNE, Respondent.**

No. 06–0533.

Supreme Court of Texas.

Nov. 2, 2007.

Rehearing Denied Nov. 30, 2007.

Linda Sprowl, Dallas, TX, pro se.

Ronald O. Blackwell, Garland, Elissa Gail Underwood, Locke Liddell & Sapp LLP, Austin, Kirsten M. Castaneda, Locke Liddell & Sapp LLP, Dallas, TX, for Respondent.

---

PER CURIAM.

■ The trial court dismissed Linda Sprowl's fourth paternity suit against George Payne concerning her daughter, Jennifer, based on res judicata. Sprowl timely filed a notice of appeal, but did not pay to have the record prepared or file an affidavit of indigence "with or before" the notice as Texas Rule of Appellate Procedure 20.1(c)(1) requires. Seven days after filing her notice of appeal, Sprowl filed an affidavit of indigence. The clerk contested the timeliness of Sprowl's affidavit, and the trial court sustained that contest. The court of appeals agreed that Sprowl's affidavit of indigence was untimely because it was not filed "with or before" her notice of appeal, and ordered Sprowl to file proof within ten days that she had paid or made arrangements to pay for the appellate record. When Sprowl failed to do so, the court dismissed her appeal. We hold that the court of appeals erred in dismissing Sprowl's appeal.

■ We recently decided two cases similar to the one presented. In *Higgins v. Randall County Sheriff's Office,* the court of appeals dismissed an inmate's appeal for failure to pay the filing fee or file an affidavit of indigence "with or before" the notice of appeal, although the affidavit was filed within the ten days the court of appeals' order allowed to correct the error by paying the fee. 193 S.W.3d 898, 899–900 (Tex.2006). Similarly, in *Hood v. Wal–Mart Stores, Inc.,* the court of appeals dismissed an appeal when the appellant filed an affidavit of indigence not "with or before" the notice of appeal but within the ten-day period for paying the filing fee. 216 S.W.3d 829, 830 (Tex.2007). We reversed those dismissals, noting that the affidavit of indigence is no longer a jurisdictional requirement for an appeal and holding that Rule 44.3 prohibits dismissal for formal defects or irregularities in ap-

pellate procedure without first allowing the appellant a reasonable time to correct the error. *Id.* at 830; *Higgins,* 193 S.W.3d at 899–900. Thus, failure to file an affidavit of indigence "with or before" a notice of appeal will not support dismissal unless the appellant is given a reasonable time to correct the defect and fails to do so.

In this case, Sprowl's notice of appeal was initially defective because it was unaccompanied by the filing fee or an affidavit of indigence as required by Rule 20.1(c)(1). However, Sprowl corrected the defect by filing her affidavit of indigence shortly thereafter; it was not even necessary for the court of appeals to permit her additional reasonable time to correct the defect. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, and remand to that court for further proceedings consistent with this opinion. *See* TEX. R.APP. P. 59.1.