**Motion to Reinstate Granted; Memorandum Opinion issued June 5, 2014, Withdrawn; Appeal Reinstated; Order filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-14-00280-CV

———————————

## LEROY STROMAN, Appellant

## V.

## ROBERT RUSSELL TAUTENHAHN, INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT L. WRIGHT, DECEASED, Appellee

**On Appeal from the County Court at Law No. 4 and Probate Court
Brazoria County, Texas
Trial Court Cause No. CI48098**

## ORDER

On February 20, 2014, the trial court signed an order granting appellee's non-suit in a *de novo* appeal from justice court. Appellant Stroman then filed a motion for attorney's fees. Stroman also filed a motion to reconsider the granting of the non-suit. On March 17, 2014, the trial court signed an order denying

Stroman's motion for reconsideration. Stroman filed his notice of appeal on April 4, 2014.

The clerk's record was filed on April 17, 2014. The clerk's record contains no affidavit of indigence or evidence that Stroman has established that he is entitled to proceed without the advance payment of costs on appeal. *See* Tex. R. App. P. 20.1(a) (listing requirements for establishing indigence).

On May 8, 2014, this court ordered Stroman to pay the appellate filing fee on or before May 23, 2014, or the appeal would be dismissed. *See* Tex. R. App. P. 42.3(c) (allowing involuntary dismissal of appeal where appellant fails to comply with court order). Stroman did not pay the appellate filing fee or file any response to this court's order. Therefore, on June 5, 2014, this court dismissed the appeal.

On June 11, 2014, Stroman filed a motion to reinstate the appeal, asserting that his counsel did not receive notice of the intent to dismiss. In addition, Stroman asserts that he is entitled to proceed without the advance payment of costs. On June 20, 2014, a supplemental clerk's record was filed containing Stroman's affidavit of indigence for appeal. No contest to the affidavit was filed within the deadline prescribed in the appellate rules. *See* Tex. R. App. P. 20.1(e). Accordingly, Stroman is entitled to proceed without the advance payment of costs. *See id.* 20.1(f).

Appellee filed a response in opposition to appellant's motion to reinstate asserting that Stroman's affidavit of indigence was not filed timely. The Texas Supreme Court has held that late-filed affidavits of indigence are effective. *See Sprowl v. Payne*, 236 S.W.3d 786, 787 (Tex. 2007) (per curiam). An affidavit of indigence may be filed or amended after the time specified for its filing in Rule 20.1 because an affidavit of indigence is no longer a jurisdictional requirement. *See* Tex. R. App. P. 25.1(b); *In re J.W.,* 52 S.W.3d 730, 733 (Tex. 2001).

Accordingly, we **GRANT** Stroman's motion to reinstate the appeal. We **WITHDRAW** our Memorandum Opinion issued June 5, 2014, and **VACATE** the judgment issued that date. We order the appeal **REINSTATED.**

We **ORDER** Stroman to file his appellant's brief on or before **August 15, 2014.**

PER CURIAM