# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00261-CV

**Anish Jhaveri, Appellant**

**v.**

**Kelly McBeth, Appellee**

### FROM DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-AG-06-000883-SB, HONORABLE GISELA TRIANA, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Anish Jhaveri filed a motion challenging the trial court's order sustaining appellee's contest to his indigence. *See* Tex. R. App. P. 20.1(j)(1). Having reviewed the motion, the trial court's orders, and the reporter's record from the hearing on appellee's contest, we conclude that the trial court abused its discretion. *See Kastner v. Texas Bd. of Law Exam'rs*, No. 03-08-00515-CV, 2009 Tex. App. LEXIS 6381, at \*5 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) (applying abuse-of-discretion standard to review of trial court's order sustaining contest to indigency).

Rule 20.1 requires an appellant seeking to appeal without advance payment of cost to file an affidavit of indigence in the trial court "with or before" his notice of appeal. *See* Tex. R. App. P. 20.1(c)(1). Because Jhaveri filed his affidavit after filing his notice of appeal, the trial court ruled that his affidavit of indigence was untimely and sustained appellee's objection to his indigence.

The trial court did not consider or rule on the issue of whether Jhaveri had established his indigence. *See id*. R. 20.1(g).

The Texas Supreme Court has made clear that "strict conformance with [] formal aspects of Rule 20.1, including the requirement that an affidavit of indigence be filed 'with or before the notice of appeal'" is not required. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688-89 (Tex. 2008); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (explaining that courts should construe rules of procedure "reasonably, yet liberally"). In fact, a court may not dismiss an appeal for failure to file an affidavit of indigence without permitting the appellant a reasonable time to correct the defect. *See Sprowl v. Payne*, 236 S.W.3d 786 (Tex. 2007) (per curiam) (failure to file affidavit of indigence "with or before" a notice of appeal will not support dismissal unless appellant given reasonable time to correct defect); *see also* Tex. R. App. P. 20.1(c)(3) ("[T]he [appellate] court may not dismiss the appeal or affirm the trial court's judgment on the ground that the appellant has failed to file an affidavit [of indigence] . . . unless the court has first provided the appellant notice of the deficiency and a reasonable time to remedy it.").

Here, Jhaveri filed his affidavit of indigence after his notice of appeal. Consistent with the supreme court's holdings on this issue, we conclude that the trial court abused its discretion in sustaining a contest to Jhaveri's affidavit of indigence on the ground that the affidavit was untimely filed. To that extent, we reverse the trial court's order, abate this appeal, and remand the cause for a hearing on the merits of the contest. *See* Tex. R. App. P. 20.1(i)(2)(B).

It is ordered August 25, 2014.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   August 25, 2014