**Motions Granted; Abatement Order filed January 8, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00958-CV
_____

### MARIANN BACHARACH, Appellant

### V.

### ROGELIO GARCIA, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2013-59386**

---

## ABATEMENT ORDER

Appellant filed a motion to extend time to file affidavit of indigence and motion to abate the appeal to determine whether appellant is entitled to proceed without advance payment of costs.

According to her motion appellant filed an affidavit of indigence in the trial court on December 16, 2014. "[T]he court may not dismiss the appeal or affirm the trial court's judgment on the ground that the appellant has failed to file an affidavit

or a sufficient affidavit of indigence unless the court has first provided the appellant notice of the deficiency and a reasonable time to remedy it." Tex. R. App. P. 20.1(c)(3). *See Sprowl v. Payne*, 236 S.W.3d 786 (Tex. 2007) (failure to file affidavit of indigence "with or before" a notice of appeal will not support dismissal unless appellant given reasonable time to correct defect). We grant appellant's motion for extension of time to file the affidavit. We also grant appellant's motion to abate the appeal to determine indigence.

We refer the matter of appellant's affidavit of indigence to the trial court. The trial court clerk is instructed to promptly send a copy of the affidavit to the appropriate court reporter and the appellee. *See* Tex. R. App. P. 20.1(d)(1). Any contest to the affidavit must be filed in the trial court within ten days after the affidavit is received by the trial court clerk. *See* Tex. R. App. P. 20.1(e) (time for contest).

If no contest to the affidavit is filed, the trial court clerk is directed to promptly notify this court. If a contest is filed, upon hearing the contest, the trial court is directed to promptly prepare, certify, and file in this court a clerk's record containing the final judgment, notice of appeal, affidavit of indigence, contest or contests to the affidavit of indigence, the trial court's signed order ruling on the contest, and any other documents directly related to the affidavit of indigence. *See* Tex. R. App. P. 34.5(c)(1).

The court reporter shall file a reporter's record from the hearing and any exhibits admitted at the hearing on the contest to appellant's claim of indigence. If a contest is filed, the record of the hearing and the trial court's written findings shall be filed with the clerk of this court on or before **February 9, 2015.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the

trial court's ruling on indigence has been completed or when the clerk notifies this court that no contest was filed. The court will also consider an appropriate motion to reinstate the appeal filed by any party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM