**Motion Denied; Order filed May 20, 2016**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-00252-CV

_____

### KAREN KRISTINE SILVIO, Appellant

### V.

### THE WINDSOR AUCTION COMPANY, Appellee

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-40326**

## ORDER

This is an appeal from a judgment signed February 2, 2016. Appellant filed a notice of appeal on March 22, 2016. Appellant also filed an affidavit of indigence on April 19, 2016. On April 22, 2016, the Harris County District Clerk and appellee filed contests to appellant's affidavit of inability to pay costs. The contests were set on the trial court's written submission docket on May 3, 2016. On May 3, 2016, the trial court signed an order sustaining the contests.

On May 10, 2016, appellant filed a notice of appeal challenging the trial court's order sustaining the contest to the affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1) (permitting motion to be filed in the appellate court challenging the trial court's order sustaining a contest to an affidavit of indigence).

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed *in forma pauperis* is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal if she really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996).

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence. It permits a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule; (2) either the claim of indigence is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. Tex. R. App. P. 20.1(a). The affidavit must identify the party filing it, state the amount of costs the party can pay, if any, and contain complete information regarding sources of income and property. Tex. R. App. P. 20.1(b). The affidavit must specifically state:

(1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).

In her affidavit of indigence, appellant listed monthly income of $1,200. Under headings for "Spouse's Income," "Government Entitlement Income," "All Other Income," "Accounts in Financial Institutions," and "Savings Accounts," appellant noted "N/A." Appellant stated that she had no real property other than her homestead and no personal property other than household furnishings, clothes, tools of a trade, or personal effects. Appellant listed monthly debts as follows:

| Auto | $200.00 |
|---|---|
| Food | 200.00 |
| Utilities | 150.00 |
| Telephone/cable | 180.00 |
| Medical | 150.00 |
| Insurance | 165.00 |

The burden of proof at the hearing on the contest to the affidavit is on the party claiming indigence. *See* Tex. R. App. P. 20.1(g). In this case, the contests were heard on written submission. Appellant's affidavit failed to state:

- The number and relationship to any dependents;

- Her ability to obtain a loan for court costs;

- Whether an attorney is providing free legal services without a contingent fee;

- Whether an attorney has agreed to pay or advance court costs; and

- The court costs she could afford to pay, if any.

In its response, appellee argues we should affirm the trial court's order sustaining the contests because appellant's affidavit was not timely filed[1] and appellant has failed to provide complete information as required by Texas Rule of Appellate Procedure 20.1.

Appellant listed expenses for an automobile, utilities, telephone, and cable. Appellant, however, did not list the value of her automobile in her assets. Appellant failed to list all assets, any dependents and her relationship to them, whether an attorney was providing free legal services or agreed to pay court costs, and whether she could obtain a loan for court costs. Appellant further failed to list what court costs she could pay, if any.

Having reviewed the evidence of the affidavit and contests, we hold the court did not abuse its discretion in sustaining the district clerk's and appellee's contests to appellant's affidavit of indigence.

---

[1] The failure to file an affidavit of indigence with or before a notice of appeal will not support dismissal unless the appellant is given reasonable time to correct the defect. *Sprowl v. Payne*, 236 S.W.3d 786 (Tex. 2007); *see also Jhaveri v. McBeth*, No. 03-14-00261-CV; 2014 WL 4365108 (Tex. App.—Austin Aug. 25, 2014 (mem. op.) (trial court abused its discretion in sustaining a contest to appellant's affidavit of indigence on the ground that the affidavit was untimely filed). Therefore, we cannot affirm the trial court's order sustaining the contests on the ground that the affidavit was untimely.

Therefore, appellant is directed to pay or make arrangements to pay the filing fee and pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant pays the $205.00 filing fee and provides this court with proof of payment for the record within 15 days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(c), 37.3(b).

PER CURIAM

Panel consists of Justices Busby, Donovan, and Wise.