

# Fourth Court of Appeals
## San Antonio, Texas

February 23, 2015

No. 04-14-00785-CV

Mary Ann **CASTRO**,
Appellant

v.

Manuel **CASTRO**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15957
Honorable Janet P. Littlejohn, Judge Presiding

# O R D E R

On November 7, 2014, appellant filed a notice of appeal from the trial court's October 13, 2014 judgment. On December 29, 2014, after her trial attorney was permitted to withdraw, appellant filed an affidavit of indigency in this court. Appellant did not file her affidavit in the trial court.

A party who cannot pay the costs of an appeal must file an affidavit of indigence "in the trial court with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). Appellant's affidavit was therefore due in the trial court on November 7, 2014, the date the notice of appeal was filed, or a motion for extension of time to file the affidavit was due in this court fifteen days later, on November 24, 2014 — the actual fifteenth day, the twenty-second of November, was a Saturday. *See id.* R. 20.1(c)(1), (3).

We construed the affidavit filed in this court as a motion for extension of time to file the affidavit in the trial court. Although the affidavit was filed outside the fifteen-day deadline set forth in Rule 20.1(3), we noted that an untimely affidavit of indigence can be "adequate to fulfill the fundamental purpose of Rule 20.1." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). Accordingly, we granted appellant's motion to extend time to file an affidavit of inability to pay costs. We then ordered the clerk of this court to send copies of the affidavit and this order to the district clerk, the court reporter, and all parties. *See* TEX. R. APP. P. 20.1(d)(2).

We further ordered any party who desired to file a contest to appellant's affidavit of indigence to file said contest in this court on or before January 9, 2015. *See id.* R. 20.1(e)(1).

Appellee filed a timely contest to appellant's affidavit of indigency. Accordingly, pursuant to the Texas Rules of Appellate Procedure, we ordered this appeal abated, and we remanded the matter to the trial court to hear evidence regarding appellant's indigency and the contest filed in this court by appellee and grant appropriate relief. *See id.* R. 20.1(h)(4). We ordered the trial court to set a hearing and notify the parties and the appropriate court reporter of the setting. *See id.* R. 20.1(i)(1). We further ordered the trial court to conduct the hearing, or sign an order extending the time to conduct a hearing by January 23, 2015, within ten days of the date of our order. *See id.* R. 20.1(i)(2)(B).

Having received no information regarding the trial court's ruling, the clerk's office of the court contacted the trial court. We were advised that the matter was not set for hearing and the trial court has not rendered an order regarding appellant's indigence. Rule 20.1(i)(2)(B) provides that a trial court must conduct a hearing or sign an order extending the time to conduct a hearing within ten days after it receives a contest referred by this court. We referred this matter to the trial court by order dated January 13, 2015, but no hearing had been held. Rule 20.1(i)(4) specifically states that unless the trial court sign an order sustaining the contest within the ten day period for the hearing, the allegations in the affidavit of indigence will be deemed true. Id. R. 20.1(i)(4). In other words, if the trial court fails to sign a timely order, the party claiming indigence will be deemed indigent.

Accordingly, based on the foregoing, we **ORDER** the abatement lifted and the appeal reinstated. We further **ORDER** that appellant is deemed indigent for purposes of this appeal. She is therefore entitled to proceed without payment of fees and is entitled to a free record on appeal. The clerk's record was previously filed; only the reporter's record remains to be filed. We **ORDER** the court reporter to file the reporter's record in this court on or before **March 25, 2015** without cost to appellant. If there was no reporter's record taken, we **ORDER** the court reporter to notify this court in writing that no record was taken on or before **March 5, 2015**.

We **order** the clerk of this court to serve this order on appellant, all counsel, the district court clerk, the court reporter and the trial court.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of February, 2015.

Keith E. Hottle
Clerk of Court